520 So.2d 660 (1988)
Harrel BRADDY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1877.
District Court of Appeal of Florida, Fourth District.
February 24, 1988.
Rehearing Denied March 21, 1988.
Harrel Braddy, pro se appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
We reverse the trial court's order which denied appellant's motion for relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, and remand for resentencing with direction that if the trial court intends to depart greater than one cell, it do so with written reasons.
Appellant successfully filed an earlier motion pursuant to rule 3.800, Florida Rules of Criminal Procedure, challenging his sentencing on a different ground; namely, the trial court's retention of jurisdiction. There is no rule which has been adopted by this state's highest court which prevents our consideration of the merits of appellant's present motion, notwithstanding the earlier motion. Even rule 3.850, which limits successive motions, provides that a "motion to vacate a sentence which exceeds the limits provided by law may be filed at any time." Rule 3.800 contains no proscription against successive motions.
In this case appellant's argument is a valid one; namely, the absence of written reasons for the trial court's departure from the guidelines. In the absence of a valid reason, appellant's confinement would be longer than lawfully permitted. The Fifth District Court of Appeal in Reynolds v. *661 State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983), appropriately stated that a sentencing error which causes an individual to be restrained for time longer than that allowed by law is fundamental and can be heard in any and every legal manner possible.
DOWNEY and GUNTHER, JJ., concur.