PER CURIAM.
We reverse the trial court’s summary denial of appellant’s motion for post-conviction relief and remand.
Appellant has appropriately relied upon Florida Rule of Appellate Procedure 3.850, to claim the trial court gave invalid reasons for departure. Braddy v. State, 520 So.2d 660 (Fla. 4th DCA), rev. denied, 528 So.2d 1183 (Fla.1988); Early v. State, 516 So.2d *893 24 (Fla. 3d DCA 1987); State v. Chaplin, 490 So.2d 52 (Fla.1986).
Having properly raised the departure issue, appellant validly argues that the trial court erred in departing from the sentencing guideline range on the ground that the appellant was in a Supervision Release Program at the time he committed the instant robbery; that prior to departure, the trial court had already assessed seventeen points under the legal constraint category of the sentencing scoresheet on the same ground; and for that reason, the subsequent departure constitutes reversible error. See Burch v. State, 462 So.2d 548 (Fla. 1st DCA), approved, 476 So.2d 663 (Fla.1985) (the fact that appellant was on parole at the time of his offense was not a proper reason for departure since he received ten points on his guidelines score-sheet for the same factor). See also Brown v. State, 15 F.L.W. 411, 1990 WL 109104 (Fla. July 26, 1990). On remand appellant should be resentenced within the guidelines.
Appellant further contends that while he was convicted of two counts of robbery, only one was a first-degree felony punishable by life, and that the other count was a first-degree felony not punishable by life. See Bass v. State, 530 So.2d 282, 283 (Fla.1988); Braddy v. State, 520 So.2d 660 (Fla. 4th DCA), rev. denied, 528 So.2d 1183 (Fla.1988); Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986). If this is true, then the trial court scored the appellant twenty-eight additional points and sentenced him based on a higher sentencing range. As the appellant points out, the informations on which the state relies for support only show that the appellant was charged with two first-degree felonies punishable by life. They do not prove, however, that the appellant was actually convicted as charged. On this point we reverse and remand for production, by the state, of record support of the actual convictions and sentences at an appropriate hearing.
HERSEY, C.J., and GLICKSTEIN, J., concur.
STONE, J., concurs in part and dissents in part with opinion.