598 So.2d 1068 (1992)
Vasten E. BLAIR, Petitioner,
v.
STATE of Florida, Respondent.
No. 75937.
Supreme Court of Florida.
April 2, 1992.
Rehearing Denied June 16, 1992.
Order on July 17, 1992.
Nancy A. Daniels, Public Defender and Lynn A. Williams, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for respondent.
Order on Mandate of Supreme Court July 17, 1992.
PER CURIAM.
We originally accepted jurisdiction to review Blair v. State, 559 So.2d 349 (Fla. 1st DCA 1990), because of apparent conflict with Pope v. State, 561 So.2d 554 (Fla. 1990), and Shull v. Dugger, 515 So.2d 748 (Fla. 1987). Art. V, § 3(b)(3), Fla. Const. Thereafter, this Court issued several opinions bearing upon the disputed issue, and it is now clear that the decision below conflicts with our decision in Smith v. State, 598 So.2d 1063 (Fla. 1992).
Blair was sentenced for armed robbery which was above the recommended guidelines sentence. Although the trial court announced the reason for the departure at the sentencing, the written order listing this reason was not prepared until after the hearing and was not filed until five days after the hearing. This was contrary to the requirements of our opinion Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991), which was published after Blair's sentencing. As a consequence, the district court of appeal reversed Blair's sentence but indicated that upon resentencing the orally *1069 announced reason for departure if put in writing would suffice.
Subsequently, on rehearing this Court modified its opinion in Ree by giving it only prospective application. However, in Smith v. State, this Court explained that Ree's reference to prospectivity included its application to all cases not yet final where the issue was raised. Therefore, the court below properly vacated Blair's sentence and remanded for resentencing. However, under the rationale of Pope v. State and Shull v. Dugger, the trial judge may not impose a new sentence which exceeds the guidelines. We quash the decision below to the extent that it permits a resentencing above the guidelines.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion, in which HARDING, J., concurs.
GRIMES, Justice, dissenting.
This decision illustrates the mischief which can occur if the rules are changed after the game has started. The trial judge had no reason to know that he was committing error by not filing the written reasons for departure which were the same as those orally pronounced until five days after sentencing. However, the problem was cured when our subsequently issued Ree opinion was given only prospective application. We reaffirmed the prospective nature of Ree in State v. Williams, 576 So.2d 281 (Fla. 1991), and State v. Lyles, 576 So.2d 706 (Fla. 1991). Now, we have suddenly changed directions in Smith v. State by holding that Ree must be applied retroactively and receding from Williams and Lyles. This is no way to run a railroad.
I respectfully dissent.
HARDING, J., concurs.