PER CURIAM.
Appellant was convicted of second degree murder and armed robbery. The recommended guidelines sentencing range was 22-27 years. The trial court imposed a life sentence for the second degree murder and a consecutive 27 year sentence for the armed robbery, with 3-year concurrent minimum mandatory terms for use of a firearm. On direct appeal, appellant argued his sentence had to be remanded for imposition of a sentence within the guidelines range because the written reasons for departure were not given contemporaneously. This court affirmed because in Ree v. State, 565 So.2d 1329 (Fla.1990), the supreme court said its ruling, requiring contemporaneous written reasons for departure, would apply only prospectively. See Brown v. State, 565 So.2d 369 (Fla. 1st DCA 1990), review denied, 576 So.2d 285 (Fla.1991).
Subsequently, in Smith v. State, 598 So.2d 1063, 1066 (Fla.1992), the supreme court modified Ree, and held
any decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final....
Our decision today requires us to recede in part from Ree to the extent that we now hold that Ree shall apply to all cases not yet final when mandate issued after rehearing in Ree.
Relying on Smith, on November 17, 1992, appellant filed his rule 3.850 motion for post-conviction relief. He alleged he was sentenced on August 18,1989; six days later, on August 24, 1989, the court filed written reasons for departing from the guidelines; because the written reasons were not contemporaneous, the sentence must be vacated and he must be resentenced within the guidelines.
The trial court denied appellant’s motion for post-conviction relief, reasoning as follows:
Defendant’s argument is unavailing as it is inconsistent with the supreme court’s over *736 all holding in Smith that changes in the law should be applied retrospectively only in cases pending on direct review or not yet final. Id. at 1066. In fact, there is language in the decision to the effect that this court should not retroactively apply Ree in the case at bar since the judgment and sentence have become final and Defendant collaterally raises the instant claim in a motion for post-conviction relief, [footnote] Id. at 1066, n. 5 [footnote: The court cannot conceive of any possible prejudice to Defendant by this court following the law as it existed at the time and drafting its order giving formal written reasons for imposing a departure sentence after the sentencing hearing. To the contrary, Defendant would have a better argument if this court had come with its order already prepared beforehand and treated the sentencing hearing and the arguments presented therein as mere formalities. The new holding in Smith, rendered nearly three years after Defendant’s conviction and a year-and-a-half after the Florida Supreme Court denied review, does not apply in a case such as this so as to provide Defendant an undeserved windfall.]
In Pope v. State, 561 So.2d 554, 556 (Fla. 1990), the court held that “when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.” The problem in Pope was that while the trial court orally announced reasons for departure, they were never reduced to writing.
Next, in Ree v. State, 565 So.2d 1829 (Fla. 1990), the court held that written reasons for departure must be issued at the time of sentencing, however, it stated this ruling would apply prospectively only. Then in State v. Lyles, 576 So.2d 706 (Fla.1991), the court stated that “written reasons [for departure] must be issued on the same day as sentencing.” The court also said Ree would not apply retroactively to the case at hand. And in State v. Williams, 576 So.2d 281 (Fla.1991), the court “approved a departure sentence that had been imposed without contemporaneous written reasons because the sentence had been imposed before Ree, even though Williams’ appeal was not final when Ree was issued.” Smith at 1064.
Finally, in Smith, the court held “that Ree shall apply to all cases not yet final when mandate issued after rehearing in Ree.” Smith at 1066. The court receded from Lyles and Williams “to the extent they declined to apply Ree retrospectively to non-final cases.” Id.
Appellant contends that in accordance with Smith, since his case was not yet final when Ree was decided, it must be reversed and remanded for sentencing within the guidelines. Appellee contends appellant’s case became final on January 2, 1991, six months before Smith announced a new application of the rule of law established in Ree; therefore, he is not entitled to resentencing under the guidelines. The state argues the language in Smith means that the rules apply retroactively to cases which were in the “pipeline” when Smith became final. The state’s position appears to be that the Smith case makes the pertinent change of law here, not the Ree case, therefore “pipeline” cases are those that were not yet final when Smith was decided. Appellee expresses some confusion in reconciling the language in the body of the Smith opinion, to the effect that Ree applies to all cases not yet final when it was issued, with language in footnote five of the Smith opinion, distinguishing eases “in the pipeline” from cases on collateral review from motions for post-conviction relief.[1]
Appellant’s direct appeal was pending in this court when the supreme court’s opinion on rehearing in Ree was issued. Even though this court’s decision was correct under the law as it existed at the time, Smith requires that we reverse and remand this case for re-sentencing within the guidelines. See Owens v. State, 598 So.2d 64 (Fla.1992), and Blair v. State, 598 So.2d 1068 (Fla.1992).
We certify the following question as one of great public importance:
*737 IN VIEW OF SMITH v. STATE, 598 So.2d 1063 (Fla.1992), DOES THE DECISION IN REE v. STATE, 565 So.2d 1329 (Fla.1990), REQUIRE REVERSAL AND REMAND FOR IMPOSITION OF A GUIDELINES SENTENCE IN A CASE THAT WAS PENDING ON DIRECT APPEAL WHEN REE WAS DECIDED, WAS FINALLY DISPOSED OF IN ACCORDANCE WITH REE, AND IN WHICH THE ISSUE WAS RAISED AGAIN BY MOTION FOR POST-CONVICTION RELIEF AFTER ISSUANCE OF SMITH I
The order denying appellant’s motion for post-conviction relief is reversed and remanded for further proceedings consistent with this opinion. We hereby grant appel-lee’s request to stay our mandate in this case pending the outcome of proceedings on the certified question.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.

. In footnote five of Smith, the court said its decision was not inconsistent with decisions in which it addressed application of changes in the law to cases on collateral review. "We have in numerous cases distinguished collateral cases from 'pipeline' cases, i.e., those not yet final at the time the law changed, applying the change in law retrospectively only to the pipeline cases." 598 So.2d at 1066.