639 So.2d 1048 (1994)
STATE of Florida, Appellant/Cross-Appellee,
v.
Darren Keith DAVIS, Appellee/Cross-Appellant.
No. 93-2835.
District Court of Appeal of Florida, First District.
July 12, 1994.
Robert A. Butterworth, Atty. Gen., James W. Rogers and Giselle Lylen Rivera, Asst. Attys. Gen., Tallahassee, for appellant/cross-appellee.
Leo A. Thomas of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee/cross-appellant.
ERVIN, Judge.
The state appeals from an order vacating appellee's guideline departure sentence, arguing that the lower court erred in retroactively applying Ree v. State, 565 So.2d 1329 (Fla. 1990), which requires a trial court to reduce its reasons for departure to writing at the time of sentencing. Davis cross-appeals, contending that the court erred at resentencing by imposing a three-year minimum mandatory term for use of a firearm during the commission of robbery, thereby making it a harsher sentence, contrary to North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We reverse as to the *1049 direct appeal and remand for further proceedings, but affirm as to the cross-appeal.
On April 6, 1989, Davis was sentenced to three concurrent life terms and one concurrent 30-year term. Eight days later, he filed a notice of appeal, and on May 6, 1989, during the pendency of the appeal, the trial court filed its written reasons for guideline departure. In his direct appeal, Davis raised errors allegedly transpiring during trial, but never raised the issue regarding the trial court's failure to reduce its departure reasons to writing at the time of sentencing. Before his appeal was terminated, the Florida Supreme Court decided Ree v. State, but limited its application to cases arising prospectively. Subsequent to the decision in Ree, the First District affirmed Davis's appeal, and mandate was issued on July 12, 1991. Davis v. State, 582 So.2d 695 (Fla. 1st DCA 1991).
Thereafter, the Florida Supreme Court issued several opinions relating to the types of cases that were affected by the prospective application of Ree. One in particular, Smith v. State, 598 So.2d 1063 (Fla. 1992), commented that Ree applied to all cases not yet final when mandate issued after rehearing in Ree.[1] As Davis's appeal had remained undecided at such time, Davis, on March 24, 1993, filed a motion to vacate and set aside sentence, pursuant to Florida Rules of Criminal Procedure 3.800 and/or 3.850, alleging the court's failure to reduce its departure reasons to writing during sentencing. He later filed an amended motion, arguing that the departure sentence was illegal, because the court had no jurisdiction to enter written reasons after he had filed his notice of appeal. In granting the motion to vacate, the trial court addressed only the point raised in the initial motion, stating that as a result of its disposition of the motion on the Ree ground, it was unnecessary to decide the jurisdictional issue. During the same proceeding, the court also imposed the minimum mandatory term of three years' imprisonment.
We agree with the state's argument that the lower court erroneously vacated the departure sentence based on Ree. On the same day the supreme court decided Smith v. State, which, as stated, held Ree applicable to all cases not final when mandate issued in Ree, it also decided Blair v. State, 598 So.2d 1068 (Fla. 1992). In Blair, the court explained that Ree's prospectivity requirement applied "to all cases not final where the issue was raised." Id. at 1069 (emphasis added). Although Davis's case on appeal was not final at the time mandate issued in Ree, his appeal raised no point regarding the trial court's failure to enter contemporaneous written reasons for departure.[2] Therefore, as Ree could not be retroactively applied to Davis's case, we conclude that the lower court erred in vacating the departure sentences on such ground. Our reversal and remand as to this issue is, however, without prejudice to Davis's right on remand, if he so chooses, to raise again the issue regarding whether the court retained jurisdiction to enter written departure reasons after Davis had filed his notice of appeal.
We affirm the North Carolina v. Pearce issue raised on cross-appeal. Section 775.087(2), Florida Statutes, contains no provision permitting the trial court to exercise its discretion in imposing a three-year minimum mandatory sentence once a defendant is convicted of certain enumerated felonies. See State v. Sesler, 386 So.2d 293 (Fla. 2d DCA 1980) (imposition of minimum sentence is a matter of legislative prerogative and is nondiscretionary). Moreover, the requirement in Pearce of a showing of judicial vindictiveness is absent in the case before us. In Wemett v. State, 567 So.2d 882 (Fla. 1990), the court noted that a presumption of vindictiveness may not apply if the later sentence is imposed  as in the case at bar  by a different judge from the one who imposed the original. Accord Thomas v. State, 638 So.2d 169 (Fla. 1st DCA 1994). Therefore, we have no reason to assume from this record that the trial court, in later imposing a minimum mandatory sentence, was acting vindictively rather than following the mandatory dictates of the statute.
*1050 AFFIRMED in part, REVERSED in part and REMANDED.
ZEHMER, C.J., and SMITH, J., concur.
NOTES
[1] The date of mandate in Ree was July 19, 1990.
[2] The failure to raise the Ree issue on appeal distinguishes this case from Brown v. State, 634 So.2d 735 (Fla. 1st DCA 1994), upon which Davis relies.