DANAHY, Acting Chief Judge.
We review the sentence imposed upon the appellee’s conviction of aggravated assault which arose from an altercation about a parking space at the Jordan Park Apartments in St. Petersburg. By special interrogatory verdict the jury found that the ap-pellee had used a firearm in the commission of the aggravated assault. The trial court adjudicated the appellee guilty of the aggravated assault, but, in sentencing him, the court refused to apply the minimum mandatory provision of section 775.087(2), Florida Statutes (1993). We reverse.
Section 775.087(2)(a) provides that “[a]ny person who is convicted of ... aggravated assault ... and who had in his possession a ‘firearm,’ as defined in s. 790.001(6) ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.” When the jury returned the special interrogatory verdict asking about use of a “firearm” during the commission of this assault, it answered in the affirmative the question whether the appellee had used a firearm as defined in section 790.001(6). Given the compulsory nature of the language of section 775.087(2), the sentencing court was not free to disregard this factual finding by the jury since it was supported by competent, substantial evidence at trial. Our supreme court has outlined the limited discretion the sentencing court has in like circumstances:
Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury’s function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury’s historical function and could lead to a miscarriage of justice
[[Image here]]
State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984). Although Overfelt had the opposite circumstance, i.e., the trial court had imposed the minimum mandatory provision without the jury’s finding a firearm had been used, the principle outlined there is equally applicable here. When the sentencing court below refused to impose the minimum mandatory provision, it effectively overruled the jury on the question of use of a firearm during the assault. When it did so, it erred by invading the fact-finding function of the jury.
Accordingly, we reverse and remand for resentencing to include the minimum mandatory provision of the statute.
ALTENBERND and FULMER, JJ., concur.