661 So.2d 1193 (1995)
Darren Keith DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 84155.
Supreme Court of Florida.
July 20, 1995.
Rehearing Denied October 25, 1995.
*1194 Leo A. Thomas of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for petitioner.
Robert A. Butterworth, Atty. Gen.; James W. Rogers, Sr. Asst. Atty. Gen. and Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review State v. Davis, 639 So.2d 1048 (Fla. 1st DCA 1994), based on express and direct conflict with the opinion in Braddy v. State, 520 So.2d 660 (Fla. 4th DCA), review denied, 528 So.2d 1183 (Fla. 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. This case involves an alleged sentencing error dispute in which Darren Keith Davis seeks relief from his departure sentence through collateral attack under Florida Rules of Criminal Procedure 3.800(a) and 3.850. For the reasons expressed, we approve the district court's decision in Davis and disapprove the opinion in Braddy, finding that the failure to file contemporaneous written reasons for a departure sentence that is within the maximum period provided by law may not be raised as error for the first time in a collateral relief proceeding.
The relevant facts of this case are as follows. In April 1989, Davis was sentenced to three concurrent terms of life imprisonment for his convictions of second-degree murder, kidnapping, and armed robbery, and to a term of thirty years for his conviction of conspiracy to commit kidnapping, which sentence was to run concurrently with his other sentences. Although the sentences were within the maximum allowed by law, they were outside the range of the sentencing guidelines. The trial judge did not file any written reasons for departing from the guidelines, as required by section 921.001(6), Florida Statutes (1989), until one month after he imposed the sentence. By the time the judge's untimely written reasons were filed, Davis had already filed a notice of appeal, in which he raised issues regarding alleged errors at trial. He did not, however, raise any issue regarding the trial judge's failure to reduce to writing, at the time of sentencing, his reasons for departing from the guidelines. The district court affirmed Davis's sentences, and the mandate in his case was issued on July 12, 1991.
Between the time Davis initially filed his appeal and the time the district court ruled *1195 on his appeal, we issued our decision in Ree v. State, 565 So.2d 1329 (Fla. 1990),[1] in which we held that a trial court's failure to reduce to writing, at the time of sentencing, its reasons for departing from a guidelines sentence constituted reversible error.[2] Although we granted relief to the defendant in Ree, who had raised the issue in the initial appeal, we stated that the holding in that case was to apply prospectively only. Thereafter, we issued Smith v. State, 598 So.2d 1063 (Fla. 1992), limited by Wuornos v. State, 644 So.2d 1000 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1705, 131 L.Ed.2d 566 (1995). In Smith, the State had appealed a downward departure sentence for which the trial judge had provided no written reasons for the departure, and we again addressed how our decision in Ree was to be applied. We acknowledged that the issue in Smith involved the failure to file any written findings rather than the failure to file contemporaneous written findings, but we determined that the case law regarding both situations should be consistent because the two errors are "so closely related." Id. at 1066. We then modified Ree's prospective-only application by providing that Ree would apply to all cases not yet final when the mandate issued in Ree (July 19, 1990). In the instant case, the district court had issued its decision affirming Davis's sentence one year after the decision in Ree and one year before the decision in Smith. Had Davis's appeal been pending at the time we issued Smith, and had he raised the sentencing error on direct appeal, he could have sought relief under Smith.
In March 1993, Davis filed a motion to vacate and set aside his sentence under rule 3.800 and/or rule 3.850, raising for the first time the claim that the trial judge erred by failing to timely reduce the departure reasons to writing at sentencing. He also contended that his sentence was illegal under rule 3.850, asserting that the trial judge had no jurisdiction to enter the written findings one month after Davis was sentenced because Davis had already filed his notice of appeal. The trial judge granted Davis's postconviction motion on the basis of Ree and Smith, finding that he need not reach the jurisdictional issue.
The State appealed and the district court reversed, based on Blair v. State, 598 So.2d 1068 (Fla. 1992). In Blair, which we issued on the same day as our decision in Smith, we stated that the prospectivity requirement in Ree applied "to all cases not final where the issue was raised." 598 So.2d at 1069. Because Davis failed to raise the Ree issue in his initial appeal, the district court determined that the trial court improperly granted the motion to vacate. It specifically stated, however, that its decision would not preclude Davis from again raising the jurisdictional issue before the trial judge.
In this appeal, Davis argues that he was entitled to raise the Ree issue in his postconviction proceeding because rule 3.800(a) allows a court to correct an illegal sentence "at any time" and because our decision in State v. Whitfield, 487 So.2d 1045 (Fla. 1986), indicates that a sentencing guidelines departure error may be raised in such a motion. He further contends that he is not precluded from raising the issue in the rule 3.800(a)/3.850 motion because a sentencing error that causes a defendant to be incarcerated for a greater length of time than provided by law constitutes "fundamental" error and, as such, can be raised at any time. In support of this proposition, he cites to Braddy, which provides that the failure to file written reasons for departure from the guidelines is fundamental error, which can be heard in any and every legal manner possible.
Braddy deals with the failure to file any written findings, which is distinct from the failure to file contemporaneous findings. The two errors, however, are closely related and based on the same premise. For example, *1196 we determined in State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987), that the findings for a departure sentence must be in writing under section 921.001(6), Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701(d)(11). We also found that the record itself is not sufficient to support the findings under the statute given that the writing requirement requires judges to think through their decisions in sentencing defendants and that appellate courts must be able to accurately determine the reasons for a departure sentence. At that time, the statute required that a departure sentence must be "explained in writing" and the rule required that a departure sentence must be "accompanied by a written statement." § 921.001(6), Fla. Stat. (1983); rule 3.701(d)(11). Two weeks later, relying on our decision in Jackson, we stated that the trial court, contemporaneously with the sentencing, must provide written reasons for a departure sentence. State v. Oden, 478 So.2d 51 (Fla. 1985). It was these two decisions that we relied on in reaching our decision in Ree. Further, as we acknowledged in Smith, the failure to file any written findings and the failure to file contemporaneous written findings are closely related and should follow the same path. As such, the cases governing the raising of these errors should be consistent. Having said this, we turn to Davis's contentions.
First, we address Davis's claim that his sentence is "illegal." Clearly, an illegal sentence is one that can be addressed at any time. Bedford v. State, 633 So.2d 13 (Fla. 1994). We have previously rejected, however, the contention that the failure to file written findings for a departure sentence constitutes an illegal sentence. See Gartrell v. State, 626 So.2d 1364 (Fla. 1993) (a sentence to less than the guidelines range without written reasons is not an illegal sentence within the meaning of rule 3.800(a)). We reiterate that conclusion here, concluding that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. Although we did indicate in dicta in Whitfield that the absence of statutorily mandated findings renders a sentence illegal, we did so in summarizing case law that dealt with whether a contemporaneous objection was necessary to preserve an issue for appeal. The actual error at issue in Whitfield, however, involved an erroneous scoresheet calculation that we found was to be addressed under rule 3.800.[3]See rule 3.800(a) ("A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.") (emphasized language added to rule 3.800(a) in Whitfield). In light of the contradiction between the holding in Gartrell and our statements in Whitfield, we recede from Whitfield to the extent that the dicta in that case can be read as holding that the failure to file written findings for a departure sentence constitutes an illegal sentence. Only if the sentence exceeds the maximum allowed by law would the sentence be illegal.
Next, we address Davis's contention that the failure to file contemporaneous written findings constitutes fundamental error that can be raised for the first time on collateral review. We recently concluded in State v. Brown, 655 So.2d 82 (Fla. 1995), that the defendant in that case could raise this issue through a motion for postconviction relief. Brown's appeal was pending at the time of our decision in Ree and was finalized before our decision in Smith. We determined that it would be unfair not to extend to Brown the rule announced in Smith when defendants whose appeals were not finalized at the time of our decision in Smith were able to take advantage of that decision. In so holding, however, we specifically found that Brown could seek postconviction relief based on *1197 Smith because Brown had raised the issue in his appeal and because it was not his fault that his case was finalized before we receded from our declaration of prospectivity in Ree.
Similar to the defendant in Brown, Davis was sentenced before our decision in Ree, and Davis's appeal was pending at the time of our decision in Ree and finalized before our decision in Smith. Unlike the defendant in Brown, Davis failed to raise the issue on appeal. He falls into the class of all defendants who were sentenced, before our decision in Ree, to a departure sentence under circumstances where the trial judge failed to properly set forth written reasons for the departure. Because Davis failed to raise this issue in his appeal, we find that he, as with other similarly situated defendants, is precluded from raising this issue in a motion for postconviction relief. As we stated in Blair, 598 So.2d at 1069, Smith applies "to all cases not final where the issue was raised." (Emphasis added.) We disagree with Davis's contention and the district court's holding in Braddy that the failure to file written findings constitutes "fundamental" error. In Braddy, the district court found that an upward departure sentence without written reasons is illegal because it causes a defendant to be incarcerated or restrained for a greater length of time than provided by law. As explained above, however, a departure sentence that is beyond the guidelines may be an erroneous sentence when written reasons are not properly filed, but it is not an illegal sentence when it is still within the maximum allowed by law.
The confusion regarding whether this type of issue may be raised for the first time in postconviction relief proceedings is the apparent result of this Court's allowing such issues to be raised for the first time on appeal where there has been no contemporaneous objection below. Normally, to raise an asserted error in an appeal, a contemporaneous objection must have been made before the trial court at the time the asserted error occurred. The general exception to this rule is that an asserted error may be raised for the first time on appeal if the error is "fundamental." A number of purposes exist for the contemporaneous objection rule. First, it provides an opportunity to trial judges to address objections. State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Additionally, the rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. Id. at 1016. We have distinguished this general rule, however, as it pertains to claimed errors in the sentencing process that are apparent on the face of the record. See, e.g., Taylor v. State, 601 So.2d 540 (Fla. 1992); Rhoden. When sentencing errors are apparent on the face of the record, the purpose of the contemporaneous objection rule is not present because the error can be corrected by a simple remand to the sentencing judge. Taylor; Rhoden. Additionally, as we noted in Rhoden, it is difficult, if not impossible, for counsel to contemporaneously object to the absence of a written order at the sentencing hearing because, at that stage, counsel does not know whether a written order is being filed or what it will say. 448 So.2d at 1016. While the failure to file written reasons is error that may be raised for the first time on appeal, it is not, in our view, "fundamental" error that may be raised at any time if the sentence is within the maximum period allowed by law.
Accordingly, we approve the district court's decision in Davis and disapprove the opinion in Braddy. We conclude that the failure of the trial judge to file contemporaneous written reasons for a departure sentence may not be raised for the first time in a collateral relief proceeding. Davis's jurisdictional argument is moot given our conclusions set forth above.
It is so ordered.
GRIMES, C.J., and KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
I agree that Davis's sentence is not an "illegal sentence" under Florida Rule of Criminal Procedure 3.800, but I disagree with the majority's definition of "illegal sentence." *1198 I also disagree with the majority's bottom line  that Davis is barred from raising his Ree claim via post-conviction motion because he failed to raise it on direct appeal.

I. "ILLEGAL SENTENCE" UNDER RULE 3.800
Florida Rule of Criminal Procedure 3.800 provides that a court may at any point correct an illegal sentence:
RULE 3.800 CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
Fla.R.Crim.P. 3.800(a) (emphasis added).
The majority opinion holds that "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." Majority op. at 1196. As I understand the majority opinion, the correction of a sentencing error is foreclosed even if it results in an obvious miscarriage of justice so long as the overall sentence falls within the statutory maximum.
To my mind, an "illegal sentence imposed by [the court]" means just what it says: a sentence that is in clear violation of established law at the time it is imposed. Cf. State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986) ("[T]he absence of the statutorily mandated findings render[s] the sentences illegal."). Davis's sentence was a "legal sentence" because at the time it was imposed Ree had not yet been decided and trial courts were not yet required to provide contemporaneous written reasons for departure. Whether Davis's sentence fell outside the maximum set forth by law is not determinative; rather, the sentence was legal because it complied with the law as it then existed.

II. PRESERVING REE ON APPEAL
We held in Ree v. State, 565 So.2d 1329 (Fla. 1990), "that [prior cases] compel us to ... require that written reasons [for guidelines departure] be issued at the time of sentencing. This holding, however, shall only be applied prospectively." Id. at 1331. Two years later, in Smith v. State, 598 So.2d 1063 (Fla. 1992), we opened a narrow window for "pipeline" cases: "[W]e now hold that Ree shall apply to all cases not yet final when mandate issued after rehearing in Ree."
Davis falls in the Smith window, as did the defendant in State v. Brown, 655 So.2d 82 (Fla. 1995). We recently held in Brown that Brown's Ree violation could be raised via post-conviction motion. The only real distinction between Davis and Brown is that Brown noted the Ree issue on appeal while Davis did not. The majority opinion turns on this distinction and denies relief to Davis because of it.
The majority relies on Blair v. State, 598 So.2d 1068 (Fla. 1992), wherein we observed in dicta: "[I]n Smith v. State, this Court explained that Ree's reference to prospectivity included its application to all cases not yet final where the issue was raised." Blair, 598 So.2d at 1069 (emphasis added). A close reading of Smith, however, reveals that the "where the issue was raised" requirement did not come from Smith at all. We eschewed this requirement in Smith for good reason, as explained below.
Our decision in Smith was not limited to the retrospective application of Ree. Rather, we held that every decision of this Court announcing a new rule of law must be given retrospective application in all "pipeline" cases. Following Smith whenever this Court announced a new rule of law, defendants in "pipeline" cases would have an opportunity to amend their appeals to benefit from the new law.
One small group of defendants affected by Smith would be unable to do this: the very subjects of the Smith case  those defendants, like Davis, with Ree-type errors who fell in the Smith window. Most of their cases were long since final when the Smith window was announced. These defendants would be unable to amend their appeals to address the Ree issue not through any fault of their own but rather because this Court *1199 had taken two years to correct the "pipeline" issue in Ree.[4]

III. CONCLUSION
While I agree that Davis's sentence was not an "illegal sentence" under rule 3.800, I strongly oppose limiting the definition of "illegal sentence" to sentences that exceed the statutory maximum. The majority opinion is unnecessarily jeopardizing the legitimacy of the entire sentencing process: Under the majority's artificial and cramped reading of "illegal sentence," even miscarriages of justice that are obvious from the record would be unreachable unless they exceed the statutory maximum.
Out of fairness I would allow Davis to proceed with his Ree claim via his rule 3.850 motion, just as we allowed Brown to do. This Court's language in Smith is unconditional: "[W]e now hold that Ree shall apply to all cases not yet final when mandate issued after rehearing in Ree." Smith, 598 So.2d at 1066 (emphasis added). Davis fits in this window just as surely as Brown did. It was the fault of this Court, not Davis, that he did not have the opportunity to amend his appeal to address the Ree issue when Smith was issued.
NOTES
[1] Modified by State v. Lyles, 576 So.2d 706 (Fla. 1991), and receded from by Smith v. State, 598 So.2d 1063 (Fla. 1992).
[2] In Lyles, this Court modified that holding by stating that the written order could be reduced to writing immediately after the hearing and that filing the written order on the next business day was sufficiently contemporaneous. We note that the legislature recently changed this requirement by providing that a trial judge has fifteen days in which to file written findings. See § 921.0016, Fla. Stat. (1993).
[3] The language in Whitfield does imply that the scoresheet guidelines error at issue was the equivalent of departing from the guidelines without making the mandatory written findings; however, a closer review of the facts in Whitfield reflects that the error in that case involved a situation where the State had erroneously included victim injury points on the scoresheet. In fact, in certifying the question in that case, the district court was specifically asking if the contemporaneous objection exception in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), applied only to situations where a trial judge failed to make written findings or whether it applied in the instant case as well.
[4] I note that when Ree itself was issued these defendants had no reason to supplement their appeals with that case because this Court said in Ree that our holding did not apply to prior sentencings, which these defendants' were.