699 So.2d 798 (1997)
Dedric GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3012.
District Court of Appeal of Florida, Fourth District.
September 24, 1997.
*799 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING OR CERTIFICATION
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
We affirm appellant's conviction. His challenge to the admission of evidence of an arrest on a separate charge was not properly preserved for review on the ground raised on appeal. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985).
The trial court adjudicated appellant guilty of attempted robbery with a firearm, sentenced him to a term of seven years incarceration, and checked off the three-year minimum mandatory term for the use of a firearm on appellant's written sentence. Two days later, over defense counsel's objection, the court held a hearing to correct the court's prior oral pronouncement to reflect the minimum mandatory term. Appellant claims that the subsequent sentencing hearing violated Florida Rule of Criminal Procedure 3.800 and the double jeopardy clause. According to the appellant, although his written sentence imposed the three-year minimum mandatory, the trial court made no such oral finding at the original sentencing hearing. See Harrington v. State, 570 So.2d 1140, 1142 (Fla. 4th DCA 1990) (striking parts of written probation revocation order that varied from court's express oral findings).
In State v. Davis, 639 So.2d 1048, 1049 (Fla. 1st DCA 1994), approved on other grounds, 661 So.2d 1193 (Fla.1995), the first district held that the trial court's imposition, upon the defendant's resentencing, of a three-year minimum mandatory term for use of a firearm during the commission of a *800 robbery was proper, even though it resulted in a harsher sentence than that imposed during the original sentencing. "Section 775.087(2), Florida Statutes, contains no provision permitting the trial court to exercise its discretion in imposing a three-year minimum mandatory sentence once a defendant is convicted of certain enumerated felonies." Id. (citations omitted); see also State v. Ross, 447 So.2d 1380, 1382-83 (Fla. 4th DCA 1984)(remanded for resentencing to impose three-year minimum mandatory imprisonment term in light of section 775.087(2)'s clear mandate); State v. Boykins, 647 So.2d 891, 892 (Fla. 2d DCA 1994)(reversing and remanding for resentencing to include three-year minimum mandatory term, in light of compulsory nature of section 775.087(2), where jury found that defendant used firearm in commission of assault), dismissed, 657 So.2d 1162 (Fla.1995); State v. Brendell, 656 So.2d 594, 594-95 (Fla. 5th DCA 1995)(vacating sentence and remanding for resentencing to include three-year minimum mandatory where defendant convicted of robbery with firearm); Kelly v. State, 414 So.2d 1117, 1118 (Fla. 4th DCA 1982) (section 775.087(2) is self-executing; any defendant meeting its criteria is not eligible for release from prison prior to serving minimum sentence required).
Furthermore, "[t]here exists an obligation to correct a sentence to comply with applicable statutory provisions, even if the service of the original sentence has already begun and the sentence as corrected would be more onerous." Van Buren v. State, 500 So.2d 732, 734 (Fla. 2d DCA 1987). Therefore, we affirm appellant's sentence.
Since the trial court's sentence was within the permitted sentencing guideline range, we affirm as to appellant's claim of judicial vindictiveness. See Melton v. State, 678 So.2d 434 (Fla.App. 1st DCA), rev. denied, 687 So.2d 1304 (Fla.1996); Reaves v. State, 655 So.2d 1189 (Fla. 3d DCA 1995); Panek v. State, 593 So.2d 307 (Fla. 3d DCA 1992); § 924.06(1)(e), Fla. Stat. (1995). We believe that the record neither supported an inference of the judge's vindictiveness nor indicated that he gave any improper weight to appellant's failure to accept the plea offer. In fact, the judge specifically advised appellant, when he made the plea offer during trial, that he would sentence him to seven years imprisonment with a minimum mandatory of three years if the jury convicted him as charged. When an accused voluntarily chooses to reject a plea offer, he retains no right to the rejected sentence. Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988). By rejecting the offer of a lesser sentence, the accused assumes the risk of receiving a harsher sentence. Id. A disparity between the sentence received and the earlier plea offer will not alone support a finding of judicial vindictiveness. Id. at 190.
We affirm the trial court's imposition of the statutorily mandated costs against the appellant. See Bussey v. State, 674 So.2d 924, 924 (Fla. 4th DCA 1996).
WARNER, SHAHOOD and GROSS, JJ., concur.