PER CURIAM.
Edmund Gray challenges the trial court’s rejection of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he questioned the legality of a sentence which purportedly exceeds the permitted range of the sentencing guidelines without written reasons. Because this is not an issue which may be raised in a collateral proceeding, we affirm. See Davis v. State, 661 So.2d 1193 (Fla.1995).
The trial court did not deny the motion on the basis of Davis, but instead asserted *288 that the sentence in fact lies within the parameters of the guidelines. It appended to the order the guideline scoresheet which substantiates this conclusion. In his brief, Gray points out a startling anomaly about his scoresheet: it debits him 349 points for one prior misdemeanor, no valid drivers’ license, the value of which is only one point in Florida Rule of Criminal Procedure 8.988(g). The trial court clerk reports that the scoresheet this court has in our summary record is not lacking any additional pages which might resolve this unusual discrepancy.
We are confident that an error of this magnitude would not have escaped the attention of the court, the attorneys, and Gray himself at the time of sentencing, and that there exists some record we do not have which explains it. Nonetheless, this may constitute error which can be determined from the face of the scoresheet as an incorrect calculation, and thus would be cognizable in a subsequent rule 3.800(a) proceeding should Gray choose to avail himself of it.
Affirmed.
CAMPBELL, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.