STONE, J.
We reverse Inge’s sentences, imposed upon revocation of probation in one case and community control in another, on convictions for aggravated stalking. He was initially charged with aggravated stalking in violation of section 784.048(3), Florida Statutes, a third-degree felony having a guidelines scoresheet offense level of six. However, the information, as to each charge, included an allegation of stalking after an injunction that would have supported a conviction under section 784.048(4), also a third-degree felony, but having an offense level of seven. Nevertheless, the informations referenced only section 784.048(3).
Upon revocation of Inge’s probation and community control, he was resentenced under section 784.048(4). The scoresheet used at sentencing showed the recommended range as between 46.5 and 77.5 months. The trial court sentenced Inge to two concurrent sentences of seventy-two months.
We conclude that the sentences should have been imposed under section 784.048(3). In sentencing Inge after revocation, the court must rely on the underlying judgments, which specifically reference only section 784.048(3) and describe the offense as aggravated stalking. Notwithstanding the substance of the allegations, there is nothing in the judgments indicating that the crimes were committed after an injunction, the factor necessary to apply subsection (4). Accordingly, the score-sheet should have listed an offense level of six. This would have reduced the recommended range from 46.5 and 77.5 to 31.5 and 52.5 months.
We note that this issue was raised for the first time on appeal. However, Inge’s failure to preserve a fundamental sentencing error does not constitute a jurisdictional impediment. See Davis v. State, 661 So.2d 1193 (Fla.1995); Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998).
Therefore, on remand, Inge should be resentenced under a corrected scoresheet. We also remand for entry of a written order revoking Inge’s community control.
WARNER, C.J. and STEVENSON, J., concur.