PER CURIAM.
The appellant, Tony Goodwin, appeals a sentence imposed after the trial court found him to be in violation of probation. Goodwin argues that because his sentence is intermittent or interrupted, it is an illegal sentence that must be reversed. The State responds that the question of the propriety of the sentence was not preserved for appellate review and that the sentence does not rise to fundamental error, which can be addressed for the first time on appeal. We affirm the sentence.
Goodwin’s sentencing record has followed a circuitous path. In June 1990, he pled no contest to burglary of a dwelling and grand theft and, in October 1990, he received an enhanced habitual felony offender sentence of 10 years in prison, to be followed by 5 years on probation. His conviction was reversed based on the trial court’s failure to state a factual basis, and the case was remanded in Goodwin v. State, 598 So.2d 295 (Fla. 1st DCA 1992). On remand, Goodwin went to trial, where a jury found him guilty as charged in the two counts. In January 1993, he was sentenced as an habitual felony offender to 20 years in prison, to be suspended after 10 years on the condition that he serve 10 years’ probation. He received 10 years in prison on the other count, to be served concurrently. His conviction and sentence were affirmed in Goodwin v. State, 645 So.2d 459 (Fla. 1st DCA 1994).
In March 1997, an affidavit of violation of probation was filed alleging that Goodwin had committed burglary and aggravated battery and had possessed burglary tools during several 1996 incidents. In August 1997, Goodwin pled no contest to the violation of probation. In February 1998, he was found guilty of the substantive offenses underlying the violation of probation and was sentenced as an habitual felony offender to concurrent. 10-year prison terms.
In June 1998, Goodwin filed a motion to correct sentence, pursuant to Florida Rule of Criminal Procedure 3.800, alleging that he had been denied due process when the trial court “retaliated” for his successful attack on the original conviction by imposing a greater sentence in January 1993 than the October 1990 sentence. A week later, Goodwin filed a Rule 3.850 motion for post-conviction relief alleging essentially the same grounds as the Rule 3.800 motion. The trial court denied the Rule 3.850 motion as unsworn and untimely. The Rule 3.800 motion was denied on the ground that the challenged sentence was not “illegal” under Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), i.e., it did not exceed “the maximum period set forth by law for the particular offenses without regard to the sentencing guidelines.”
After a September 1998 hearing, the trial court announced that it would “lift” the original suspension of the 10-year habitual felony offender sanction. The result is that Goodwin was sentenced for the violation of probation to 10 years in prison as an habitual felony offender. Although the court awarded 1 year and 323 days credit for time served, it expressly denied any credit for the 10 years previously served in the case. The court ordered 5 years of this sentence to run concurrently with any other sentence that Goodwin was then serving, with the remaining 5 years to run consecutively with any other sentence he was serving.[1]
*691 The practical effect of this latest sentencing scheme is that the 5-year concurrent portion of the term for violation of probation coincides with Goodwin’s 10-year sentence for the substantive offenses, which “interrupts” or separates the remaining 5 years for violation of probation (which were ordered to run consecutively with any other sentence he was serving). Goodwin neither objected to this intermittent sentencing arrangement at the sentencing hearing nor filed a timely Rule 3.800(b) motion addressing the interrupted sentence. For the first time on appeal, he argues that the interruption of his 10-year sentence for violation of probation into separate 5-year segments makes it an “illegal sentence.”
The State acknowledges the older Florida case law disapproving “piecemeal” sentences that are interrupted and, thus, divided without the defendant’s consent. See, e.g., Ex Parte Bosso, 41 So.2d 322 (Fla.1949) (“[Pjunishment for one crime may not be inflicted piecemeal.”); State v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941); Gill v. State, 550 So.2d 72 (Fla. 2d DCA 1989); Massey v. State, 389 So.2d 712, 713 (Fla. 2d DCA 1980) (“There is nothing in our statutes which purports to authorize an interrupted sentence.”); Rozmestor v. State, 381 So.2d 324, 326 (Fla. 5th DCA 1980) (“Unless there is specific statutory authority to impose a sentence, it cannot stand.”).
We find it telling, however, that all of the cases on which Goodwin relies in challenging his intermittent sentence preceded the effective date of section 924.051, Florida Statutes (1997). Subsection (3) of this statute states in pertinent part:
A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
To be entitled to the relief sought, Goodwin, having failed to preserve the issue properly in the trial court, must demonstrate that “prejudicial error occurred” and that his interrupted sentence would constitute fundamental error. See Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997) (unpreserved sentencing errors that are “fundamental” may be challenged and addressed for the first time on direct appeal).
“[A]n illegal sentence constitutes fundamental error which may be addressed for the first time on appeal.” Nelson v. State, 719 So.2d 1230, 1231 (Fla. 1st DCA 1998) (gen. div. en banc); McKnight v. State, 23 Fla. L. Weekly D2402 (Fla. 1st DCA 1998), rev. granted, 729 So.2d 394 (Fla.1999); Mason v. State, 710 So.2d 82 (Fla. 1st DCA 1998). The Supreme Court of Florida has held that an illegal sentence “can be addressed at any time.” Davis, 661 So.2d at 1196; Bedford v. State, 633 So.2d 13 (Fla.1994). Goodwin argues that because the 5-year consecutive portion of his 10-year sentence is “illegally interrupted” by the 10-year sentence he already was serving, the 5-year term must be ordered to run concurrently with that other sentence. However, Goodwin has not cited any current basis in Florida law, nor have we found any, to support his position and require reversal. See King v. State, 681 So.2d 1136, 1140 (Fla.1996) (explaining that a sentence is not “illegal” merely because it is unauthorized by statute or rule).
As Goodwin’s sentence does not exceed the maximum period set forth by law for the particular offense, it does not fall within the Davis definition of “illegal sentence.” 661 So.2d at 1196. In a subsequent decision, the supreme court held that “[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition ‘illegal.’ ” State v. Mancino, 714 So.2d 429, 433 (Fla.1998). *692 We find no such deficiency in Goodwin’s interrupted sentence.
As the issue regarding the sentencing arrangement was not preserved below, and the interrupted sentence does not constitute fundamental error, we AFFIRM Goodwin’s sentence.
ALLEN, WEBSTER, and BROWNING, JJ., CONCUR.

. Goodwin was already serving the 10-year habitual felony offender sentences for the sub *691 stantive offenses that constituted the violation of probation.