ORFINGER, J.
Arnell Waits appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Relying on Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), Waits contends that his classification as‘a prison releasee reoffender (PRR) was improper because Chapter 99-188, Laws of Florida, amending the PRR statute, effective July 1, 1999, was found to be unconstitutional due to its violation of the single subject requirement of the Florida Constitution. Waits alleged that he committed his offense during the period between the unconstitutional enactment of the amended statute and the legislature’s reenactment of the changes curing the constitutional infirmity.
After Taylor declared Chapter 99-188 unconstitutional, the Legislature reenacted the provisions of Chapter 99-188 in separate laws, in an effort to cure the constitutional violations. See Ch. 02-208-02-212, Laws of Fla. (reenacted Apr. 29, 2002). The Legislature attempted to give these reenacted statutes retroactive effect, and this court initially held that the reenacted statutes could be applied retroactively. See Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002). Relying on Hersey, the trial court properly denied Waits’ 3.800(a) motion. However, we have since receded from Hersey in an en banc opinion, concluding that the reenactment of the relevant statutes could not be applied retroactively without violating ex post fac-to clauses of the federal and state constitutions. See Jones v. State, 872 So.2d 938 (Fla. 5th DCA 2004).
We cannot determine from the limited record before us whether Waits was adversely affected by the unconstitutional amendments to the PRR statute contained in Chapter 99-188. Chapter 99-188 did not create the PRR statute. It simply made some changes to a preexisting PRR statute. If Waits qualified as a prison releasee reoffender under the prior statute, he was not adversely affected by the unconstitutional revision and would not be entitled to relief. See generally State v. Broum, 655 So.2d 82 (Fla.1995). Because the rule 3.800(a) motion filed by Waits does not demonstrate that his sentence is illegal on its face, we. affirm the trial court’s denial. However, we do so without prejudice to his filing an amended motion, which demonstrates that he was adversely affected by Chapter 99-188, Laws of Florida. See Heggs v. State, 759 So.2d 620 (Fla.2000).
AFFIRMED WITHOUT PREJUDICE.
SAWAYA, C.J. and MONACO, J., ■ concur.