PER CURIAM.
We affirm the denial of appellant’s motion to correct a scoresheet error. To the extent that appellant claims that the entry of “LIFE” as his maximum sentence on the scoresheet is an error, the same sentence of life could have been imposed absent the alleged error, because his total sentence points exceeded 363, which pursuant to section 921.0014(2), Florida Statutes (1998), authorizes a life sentence. See Brooks v. State, 969 So.2d 238, 243 (Fla.2007) (correction of scoresheet error not required where same sentence could have been imposed absent scoresheet error). To the extent he claims that the trial court departed from the sentencing guidelines without written reasons, he is not entitled to relief under rule 3.800(a), Florida Rules of Criminal Procedure. See Davis v. State, 661 So.2d 1193 (Fla.1995) (failure to file written findings for a departure sentence does not constitute an illegal sentence that can be challenged under rule 3.800(a)), receded from on other grounds by Mack v. State, 823 So.2d 746, 748-49 (Fla.2002); see also Wright v. State, 911 *437 So.2d 81, 83-84 (Fla.2005) (relying on Davis ’ holding that failure to file written reasons for departure does not make sentence illegal and acknowledging that Davis was receded from on other grounds in Mack).

Affirmed.

STEVENSON and CIKLIN, JJ„ concur.
WARNER, J., concurs specially.