HARRIS, Judge.
Evans appeals the summary denial of his motion for post conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We find that one of the grounds for post-conviction relief is legally sufficient.
Evans, who was a minor at the time he committed his criminal offense, was sentenced as an adult. At the time he was sentenced, a juvenile could only receive adult sanctions if specific findings mandated by statute were reduced to writing. See section 39.059(7)(d), Fla.Stat. (1993). Evans alleged that the court failed to enter written findings as to the suitability of adult sanctions before imposing sentence. Our court previously held that this allegation is legally sufficient and precludes summary denial of a Rule 3.850 motion. See Ramos v. State, 660 So.2d 817 (Fla. 5th DCA 1995); Wood v. State, 655 So.2d 1155 (Fla. 5th DCA 1995). See also Davis v. State, 661 So.2d 1261 (Fla. 4th DCA 1995). If there is a complete absence of written findings, there is no authority for sentencing a juvenile as an adult and the resulting sentence is illegal.
The state correctly notes that the legislature recently amended section 39.059(7), Florida Statutes (1994), and a court is no longer required to set forth specific findings or enumerate statutory criteria as a basis for its decision to impose adult sanctions on a juvenile. See Ch. 94-209, section 51, Laws of Fla. However, this amendment did not take effect until October 1,1994, long after Evans committed his offense as a juvenile and was sentenced as an adult.[1] This amendment, then, would not apply to Evans. Cf. Hangen v. State, 651 So.2d 706 (Fla. 5th DCA 1995); Shaw v. State, 645 So.2d 68 (Fla. 4th DCA 1994).
An illegal sentence may be raised at any time. As the trial judge did not conclusively refute this claim of illegal sentence, the *555 order denying post conviction relief is reversed, and the case remanded for the court to conduct a hearing or attach documents showing that written findings were entered or that Evans knowingly waived his statutory right to -written findings. If the proper sentencing procedure was not followed, the court on resentencing could reimpose adult sanctions after making the necessary written findings. See Troutman v. State, 630 So.2d 528 (Fla.1993); Hannah v. State, 644 So.2d 141 (Fla. 2d DCA 1994).
REVERSED AND REMANDED.
W. SHARP and ANTOON, JJ., concur.

. Evans was placed on probation in 1991 and was sentenced to incarceration following a revocation of probation in 1992.