693 So.2d 553 (1997)
STATE of Florida, Petitioner,
v.
Kison EVANS, Respondent.
No. 88145.
Supreme Court of Florida.
May 8, 1997.
Robert A. Butterworth, Attorney General and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Petitioner.
James B. Gibson, Public Defender and Sean K. Ahmed, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Respondent.
OVERTON, Justice.
We have for review Evans v. State, 672 So.2d 554 (Fla. 5th DCA 1996), in which the district court reversed the trial court's denial of Kison Evan's motion for postconviction relief. The district court determined that Evan's sentence was "illegal" because the trial court failed to enter written findings when sentencing Evans, a minor, as an adult. We have jurisdiction based on express and direct conflict with Davis v. State, 661 So.2d 1193 (Fla.1995). Art. V, § 3(b)(3), Fla. Const. In summary, we hold that under the reasoning set forth in our decision in Davis, the sentence was not illegal. We quash the decision in Evans.
The record in this case reflects the following. In 1991, sixteen-year-old Evans pleaded nolo contendere to one count of armed robbery, a first-degree felony punishable by life imprisonment. Evans was adjudicated as an adult and placed on probation. While on probation, Evans was apprehended when he tried to purchase cocaine. A probation violation *554 hearing was held and, on October 28, 1992, the trial judge found that Evans had violated his probation and sentenced him to seventeen years' imprisonment, followed by five years' probation. That sentence was appealed and the district court of appeal per curiam affirmed the sentence on August 3, 1993. Evans v. State, 623 So.2d 508 (Fla. 5th DCA 1993).
On July 9, 1995, almost two years after his appeal was finalized, Evans filed a motion for postconviction relief in which he alleged that he was improperly sentenced as an adult because the trial court did not make specific written findings as required by section 39.059(7)(d), Florida Statutes (1991). The trial court summarily denied relief.
On appeal, the Fifth District Court of Appeal reversed. First, the district court explained that under the statute a juvenile could receive adult sanctions only "if specific findings mandated by the statute were reduced to writing." 672 So.2d at 554. The district court then concluded: "If there is a complete absence of written findings, there is no authority for sentencing a juvenile as an adult and the resulting sentence is illegal." Id. (emphasis added).
Based on our decision in Davis, we conclude that the district court erred in finding that Evans' sentence was illegal. Our decision in that case makes it clear that the failure of a trial court to comply with the mandated direction of providing written reasons does not make a sentence illegal.
In Davis, the defendant's sentence was within the maximum allowed by law but was outside the range of the sentencing guidelines. The trial judge did not file written reasons for the departure from the sentencing guidelines as required by statute. On appeal, the defendant raised issues regarding alleged errors at trial but did not raise any issue regarding the trial judge's failure to set forth written reasons in imposing the sentence. Additionally, as in this case, the defendant did not seek review on that issue until after his direct appeal was final when he filed a postconviction motion to vacate and to set aside his sentence under Florida Rule of Criminal Procedure 3.800 and/or Rule 3.850. In his motion, the defendant claimed for the first time that his sentence was illegal because the trial judge failed to timely reduce the reasons for the departure from the sentencing guidelines. We concluded that the defendant was not entitled to relief. Although we acknowledged that an illegal sentence can be addressed at any time, we held that the failure to file written findings for a departure sentence is not illegal so long as the sentence does not exceed the maximum period set forth by law. Our decision in Davis is controlling here.
Accordingly, for the above reasons, we quash the district court's decision in Evans and direct that the order of the trial court be reinstated.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.