PER CURIAM.
Jack Belcher seeks review of the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the tidal court failed to award him credit for time previously served, we reverse.
Belcher- alleges that he was sentenced in one proceeding on three separate felony in-formations with consecutive trial court case numbers. On one information he was sentenced to 3½ years in prison and on the others to two concurrent terms of probation which would run consecutively to the prison sentence.
He completed his prison term and then violated the concurrent probations. He was again sentenced to prison and, at least on some of the counts, was denied credit for the time he had first served on the 3½ year term. Belcher is entitled to the time actually served on the prison sentence first imposed to be credited toward those sentences he is currently serving for violating probation. Tripp v. State, 622 So.2d 941 (Fla.1993).
If his crimes were committed before October 1, 1989, he is entitled as well to any gain time granted during the service of that initial sentence pursuant to section 944.275, Florida Statutes (1989). Tripp, 622 So.2d at 942-43, n. 2; Cook v. State, 645 So.2d 436, 438, n. 6 (Fla.1994). And while the trial court may delegate to the Department of Corrections the responsibility to determine the number of days to be credited, it is the court’s responsibility to decide a prisoner’s entitlement to prison credit for any such unforfeited gain time. Hough v. State, 671 So.2d 839 (Fla. 2d DCA 1996).
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and WHATLEY, JJ., concur.