677 So.2d 29 (1996)
Ronald JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4588.
District Court of Appeal of Florida, First District.
June 27, 1996.
Rehearing Denied July 25, 1996.
Ronald Jefferson, pro se.
No appearance for Appellee.
LAWRENCE, Judge.
Ronald Jefferson (Jefferson) appeals from an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800. He was sentenced for the offenses of possession of cocaine and carrying a concealed firearm. We affirm.
The record in this case does not contain a copy of the judgment and sentence, but consists solely of Jefferson's motion and the order of the trial court denying the motion.[1] We consider only the allegations contained in the motion in determining whether it is facially sufficient.
Jefferson's motion is rather cryptic, but we interpret it as alleging that he was originally sentenced to eighteen months in prison, which term was suspended with probation imposed in lieu thereof. He later violated his probation and was resentenced to thirty months[2] in prison. Jefferson argues that his sentence is illegal because he could *30 not be lawfully sentenced to more than the original suspended sentence of eighteen months in prison.
We find it unnecessary to consider whether Jefferson has a viable claim pursuant to Poore v. State, 531 So.2d 161 (Fla.1988), because the sentence of thirty months does not exceed the maximum statutory penalty for the offenses of possession of cocaine and carrying a concealed firearm. Our supreme court recently addressed the issue and said:
[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.
Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995).
We interpret Davis to mean that Jefferson's sentence does not qualify as an illegal sentence. We reach this conclusion because under the plain language of Davis, Jefferson's sentence would have had to exceed the maximum sentence provided by law for third-degree felonies in order to entitle him to relief. We therefore affirm the order of the trial court denying Jefferson's rule 3.800 motion.
We consider the issue in this case to be one of great public importance and therefore certify the following question to the supreme court:
WHERE A DEFENDANT IS SENTENCED TO A TRUE SPLIT SENTENCE, AS DEFINED IN POORE v. STATE, 531 So.2d 161 (Fla.1988), AND UPON VIOLATION OF PROBATION, RESENTENCED TO A PERIOD OF INCARCERATION WHICH EXCEEDS THE ORIGINAL SENTENCE IMPOSED, BUT DOES NOT EXCEED THE STATUTORY MAXIMUM FOR THAT OFFENSE, IS THE NEW SENTENCE "ILLEGAL" WITHIN THE MEANING OF DAVIS v. STATE, 661 So.2d 1193 (Fla.1995), FOR THE PURPOSES OF FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a)?
WEBSTER, J., concurs.
ALLEN, J., dissents with opinion.
ALLEN, Judge, dissenting.
Jefferson asserted in his Florida Rule of Criminal Procedure 3.800(a) motion that in 1991 he was sentenced to a suspended prison term of eighteen months, and that he was placed on probation for the suspended period. He further claimed that upon revocation of his probation, the trial court imposed a thirty-month prison sentence. A simple review of the trial court file would reveal whether these allegations are accurate. If they are, Jefferson received a "true split sentence" in 1991, and upon revocation of probation the trial court was precluded by the double jeopardy provisions of the state and federal constitutions from sentencing Jefferson to more than eighteen months in prison. See Poore v. State, 531 So.2d 161 (Fla.1988).
The majority nevertheless concludes that it matters not that the trial court file might plainly reveal that Jefferson is imprisoned pursuant to a sentence which violates the organic law of our state and nation. Based upon what is said to be the "plain language" of Davis v. State, 661 So.2d 1193 (Fla.1995), the majority holds that, because the two-year rule 3.850 period has expired, all constitutional challenges to Jefferson's sentence have been lost, and he may only be heard to complain that his sentence exceeds the statutory maximum for the third degree felonies of which he stands convicted. I respectfully disagree with the majority because neither Davis, nor State v. Callaway, 658 So.2d 983 (Fla.1995), which cites Davis and was decided on the same day, compels or permits the result reached in this case.
In Davis, the supreme court held that Davis would not be permitted to rely upon the decision in Ree v. State, 565 So.2d 1329 (Fla.1990), to collaterally challenge his guidelines departure sentence because he had not raised the Ree argument in his direct appeal. In so holding, the court rejected Davis's assertion that his sentence was "illegal," and explained that a sentence imposed in violation of the guidelines does not amount to an "illegal sentence."
The majority in the present case seizes upon a portion of a single sentence within that explanation to conclude that a sentence *31 must be in excess of the statutory maximum for crimes of the relevant degree in order to be "illegal." But the Davis language quoted by the majority, which refers to an illegal sentence as being "one that exceeds the maximum period set forth by law for a particular offense," does not refer exclusively to statutes which set forth maximum sentences. And the majority ignores the fact that elsewhere in Davis the supreme court describes an illegal sentence as one which merely "exceeds the maximum allowed by law" or which is not "within the maximum allowed by law." This language does not limit the term "illegal sentence" to a sentence in excess of a statutory maximum. Depending upon the particular circumstances involved, the "law" might "set forth" numerous limitations upon the maximum period for which a particular defendant might be sentenced, and a statutory maximum is only one such limitation. Jefferson has alleged a limitation that fully satisfies even the Davis language upon which the majority relies. The "law" upon which Jefferson relies is "set forth" by the double jeopardy provisions of the state and federal constitutions and by Poore, which establish a maximum limit for sentences following revocation of probation in conjunction with a true split sentence.
Davis and Callaway, and Judge v. State, 596 So.2d 73 (Fla.2d DCA 1991), which was discussed in Callaway, indicate that an "illegal sentence" remediable under rule 3.800(a) is a sentence not authorized by law, without regard to the sentencing guidelines or mere procedural irregularities, which is determinable simply from an examination of the court records concerning the adjudicated offense and the resulting sentence. Because Jefferson has asserted a sentencing error that satisfies these requirements, his claim should not be barred.
In Callaway, the supreme court essentially adopted the discussion from Judge which recognized that there are three types of sentencing errors: (1) an "erroneous sentence" which is correctable on direct appeal; (2) an "unlawful sentence" which is correctable only after an evidentiary hearing under rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a rule 3.800(a) proceeding. Except for its indication that no evidentiary determination will be permitted in connection with a 3.800(a) motion, the Callaway court appeared to fully adopt the Judge definition of "illegal sentence." See Fountain v. State, 660 So.2d 376 (Fla.4th DCA 1995).
Judge explained that an "illegal sentence" correctable under rule 3.800(a) exists where a penalty has been imposed "that is simply not authorized by law." It further pointed out that a sentence is not "illegal" merely because the procedure employed to impose the punishment might have failed to comport with statutory law and due process. And finally, it explained that a sentence will be illegal only if its illegality can be determined without a lengthy evidentiary hearing. A sentence in excess of the relevant statutory maximum was given as merely an "example" of one type of sentence that would be considered "illegal" and therefore remediable under rule 3.800(a). Clearly, another example of a sentence that would be considered illegal under Judge, and therefore Callaway, is a sentence of the type Jefferson claims to have received in this case.
Numerous post-Davis/Callaway decisions from other districts have recognized the availability of rule 3.800(a) to challenge sentences which satisfy my understanding of the definition of "illegal sentence," but which clearly do not satisfy the definition applied by the majority. See, e.g., Hawks v. State, 675 So.2d 651 (Fla.2d DCA 1996); Belcher v. State, 21 Fla. L. Weekly D1398, ___ So.2d ___ [1996 WL 313114] (Fla.2d DCA June 12, 1996); Tipper v. State, 674 So.2d 934 (Fla.3d DCA 1996); Ford v. State, 667 So.2d 455 (Fla.4th DCA 1996); Matthews v. State, 664 So.2d 6 (Fla.4th DCA 1995); Serrano v. State, 662 So.2d 1361 (Fla.3d DCA 1995); Saunders v. State, 661 So.2d 134 (Fla.4th DCA 1995); Fountain v. State, 660 So.2d 376 (Fla.4th DCA 1995).
In addition, I am unable to accept the majority's construction of the Davis language for an even more basic reason. I find myself simply unable to conceive any fair and reasonable justification for cutting off all challenges to unconstitutional sentences filed more than two years after judgment and *32 sentence become final. Much can be said for the merits of time limitations upon challenges that could only be proven through evidentiary hearings. Material witnesses die, and memories fade. But where a claim may be proven by a simple review of the trial court file, these concerns are not present. I would ask then, why should a defendant be required to serve out a sentence which is unquestionably revealed by the trial court record to be excessive under the state and federal constitutions? Clearly, this should not be required, and I do not believe the supreme court ever intended such a result.
I would reverse the order under review and remand this case to the trial court for reconsideration of Jefferson's claim.
NOTES
[1] It is apparent however, that the motion, unsworn and filed more than two years after sentencing, cannot be treated as having been filed pursuant to rule 3.850.
[2] Credit for time served in prison under the original sentence is not an issue.