PER CURIAM.
Joseph B. Dawes seeks review of the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court’s order fails to conclusively refute Dawes’ claim for credit for time previously served, we reverse.
Dawes alleges that he did not receive full credit for the ten-year prison sentence he completed in 1991, after the trial court revoked his probation for crimes committed in 1985, 1986, and 1988, and sentenced him to three concurrent twelve-year prison sentences. Because Dawes’ crimes were committed before October 1, 1989, he is entitled to gain time granted during the service of the initial concurrent sentences pursuant to section 944.275, Florida Statutes (1989), as well as actual time served. Cook v. State, 645 So.2d 436, 438, n. 6 (Fla.1994).
Although the trial court may delegate to the Department of Corrections (DOC) the responsibility to determine the number of days to be credited, it is the court’s responsibility to decide a defendant’s entitlement to prison credit for any such unforfeited gain time. Belcher v. State, 685 So.2d 1343 (Fla. 2d DCA 1996). If the trial court’s sentencing order allows credit for all time previously served, DOC must include credit for unforfeited gain time. Forbes v. Singletary, 684 So.2d 173 (Fla.1996).
We reverse because the trial court did not attach portions of the record conclusively showing that Dawes is entitled to no relief. On remand, if the trial court denies the motion again, it shall attach those documents, including the judgment and sentence, that conclusively refute the claim that Dawes was not awarded credit for all time previously served in prison. If the sentencing order does not award prison credit, Dawes shall be resenteneed in a manner that effectuates the intent of the plea agreement. Dawes must seek appellate review of the trial court’s order within thirty days of its rendition.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.