PER CURIAM.
Alvin Cooper Mack appeals the summary denial of his motion to correct sentence filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Mack was sentenced under Count II in trial court case number 90-2582 to three and one-half years incarceration as a habitual offender. The true split sentence required Mack to serve two years of the three and one-half year sentence. The balance of incarceration, one and one-half years, would be suspended and probation imposed.
*1255 Having served the first two years of his sentence, Mack was placed on probation. He was then sentenced to five years incarceration upon violating the terms of that probation. We agree with Mack that when he was resentenced to five years incarceration, a sentence that exceeded the three and one-half years originally imposed, he was sentenced a second time for the same offense and for a longer time than originally imposed in violation of double jeopardy principles. See Poore v. State, 531 So.2d 161 (Fla.1988).
In Jefferson v. State, 677 So.2d 29 (Fla. 1st DCA 1996), the First District held that when a trial court imposes a sentence after revoking the probationary portion of a true split sentence, any sentencing error would not result in an illegal sentence unless the statutory maximum penalty was exceeded. If we followed Jefferson, Mack’s five year habitual offender sentence that was imposed after the probationary portion of his true split sentence was revoked would not be illegal because it did not exceed the enhanced statutory maximum penalty under the habitual offender statute of ten years incarceration for grand theft, a third degree felony. However, we do not choose to follow Jefferson in this case. Instead we find Mack’s sentence to be an illegal sentence that is apparent on the face of the record and subject to correction under Rule 3.800(a). See State v. Mancino, 714 So.2d 429 (Fla.1998). Included in the record before this court is the State’s appendix that shows (1) the sentence imposed in case number 90-2582, when Mack received five years incarceration on count II after his probation was revoked, and (2) the original true split sentence for count II verifying Mack’s claim of error.
We find no merit in the remaining points raised by Mack and affirm the order denying relief as to all other cases except case number 90-2582. As to case number 90-2582, we reverse the order denying relief and remand for resentencing on count II to the unserved portion of the three and one-half years incarceration.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PETERSON, GRIFFIN and SAWAYA, JJ., concur.