823 So.2d 746 (2002)
Alvin Cooper MACK, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2355.
Supreme Court of Florida.
July 3, 2002.
*747 Alvin Copper Mack, South Bay, FL, Petitioner, pro se.
Robert A. Butterworth, Attorney General, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, FL, for Respondent.
PER CURIAM.
We have for review Mack v. State, 766 So.2d 1254 (Fla. 5th DCA 2000), which expressly and directly conflicts with the opinion in Jefferson v. State, 677 So.2d 29 (Fla. 1st DCA 1996). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
In 1990 Mack pled guilty to a number of counts of burglary and grand theft which had been charged in several different cases. On count II of circuit court case number 90-2582, Mack pled guilty to grand theft and was sentenced as a habitual felony offender to a three and one-half year true split sentence. After serving two years in prison, the remaining one and one-half years would be suspended, and he would be placed on probation.[1]
In case numbers 90-657 and 90-661, Mack pled guilty to two counts of burglary and two counts of grand theft. In each of these two cases, imposition of sentence was withheld, and Mack was placed on one and one-half years' probation. These probationary terms were to run concurrently with the probationary portion of his split sentence in case number 90-2582.
Mack was released from prison in 1995 and began serving his concurrent one and one-half year probationary terms. In 1996 Mack was arrested for violating probation, but the court dismissed the violation and modified Mack's probation, extending it four years. Mack did not appeal the extension of his probation in any of the cases.[2]
In 1998 Mack was arrested again for violating probation. This time he was adjudicated guilty and his probation was revoked in all three cases. In case number *748 90-657, Mack was sentenced to ten years as a habitual felony offender. In case number 90-661, Mack was sentenced to ten years as a habitual felony offender to run consecutively to case number 90-657. As to the third case (case number 90-2582), Mack was sentenced to five years to run concurrently with case number 90-657.
In 2000 the trial court denied Mack's motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The Fifth District Court of Appeal affirmed the denial of the motion as to all of Mack's sentences except the one imposed on count II in case number 90-2582. As to that sentence, the district court agreed with Mack that under Poore v. State, 531 So.2d 161 (Fla.1988),[3] "when he was resentenced to five years incarceration, a sentence that exceeded the three and one-half years originally imposed, he was sentenced a second time for the same offense and for a longer time than originally imposed in violation of double jeopardy principles." Mack v. State, 766 So.2d 1254, 1255 (Fla. 5th DCA 2000). The court also held that under State v. Mancino, 714 So.2d 429 (Fla.1998), Mack's sentence was an illegal sentence that was apparent on the face of the record and subject to correction on a rule 3.800(a) motion. Id. Accordingly, the district court reversed the trial court's denial of Mack's 3.800(a) motion as to count II of case number 90-2582 and remanded for resentencing to the unserved portion of the original true split sentence. Id.
In holding that Mack's sentence was illegal, the Fifth District expressly declined to follow the decision of the First District Court of Appeal in Jefferson v. State, 677 So.2d 29 (Fla. 1st DCA 1996). In Jefferson, the defendant was convicted of possession of cocaine and carrying a concealed firearm and was originally sentenced to a true split sentence of eighteen months, with the entire term suspended and probation imposed in lieu thereof. Id. at 30. Upon revocation of Jefferson's probation, he was resentenced to thirty months in prison. Id. On appeal from the denial of his rule 3.800(a) motion, the First District held that it was unnecessary to consider whether Jefferson had a viable claim pursuant to Poore v. State, 531 So.2d 161 (Fla.1988), because the thirty-month sentence did not exceed the statutory maximum for Jefferson's offenses. Id. Relying upon this Court's decision in Davis v. State, 661 So.2d 1193 (Fla.1995), the district court held that because the sentence did not exceed the statutory maximum, it was not an illegal sentence, notwithstanding the fact that it exceeded his original eighteen-month sentence. Id.
In several decisions issued after the First District's decision in Jefferson, this Court has either implicitly or explicitly receded from the holding in Davis to the extent that it can be read to mandate that only those sentences that facially exceed the statutory maximum may be challenged as illegal. See Hopping v. State, 708 So.2d 263 (Fla.1998) (implicitly rejecting notion that only those sentences which exceed the statutory maximum can be challenged as illegal under rule 3.800(a)); State v. Mancino, 714 So.2d 429 (Fla.1998) (expressly rejecting same); see also Carter v. State, 786 So.2d 1173 (Fla.2001) (tracking the evolution of this Court's definition of an *749 illegal sentence and recognizing the Court's clarification of this definition by receding from Davis). Hopping is controlling in the instant case. There, the Court held that a sentence which had been unconstitutionally enhanced in violation of the double jeopardy clause, but that did not exceed the statutory maximum, constituted an illegal sentence. 708 So.2d at 264-65. Here, Mack alleges, and the district court agrees, that his sentence has been unconstitutionally enhanced. Accordingly, under Hopping, even though Mack's sentence did not exceed the statutory maximum, it was an illegal sentence, apparent on the face of the record, and subject to correction on a rule 3.800(a) motion.[4]
Mack next argues that the ten-year habitual felony offender sentences imposed after revocation of his probation in case numbers 90-657 and 90-661 are also illegal sentences subject to correction under rule 3.800(a). Although this issue is outside the scope of the conflict in this case, we have jurisdiction to address it. See Allstate Ins. Co. v. Rudnick, 761 So.2d 289, 291 (Fla. 2000) (stating that once review is granted as to one issue, the Court may, in its discretion, address other issues properly raised and argued before it).
Mack relies on this Court's decision in King v. State, 681 So.2d 1136 (Fla.1996), in arguing that the habitual offender sentences he received upon the revocation of his probation in case numbers 90-657 and 90-661 are illegal. The issue presented in King was "whether a trial judge, upon revocation of probation, can lawfully impose an habitual felony offender sentence, despite having declined to impose such a sentence at the original sentencing." Id. at 1138. The defendant in King was convicted of burglary of a dwelling and robbery, and at sentencing, the trial court found the defendant qualified as a habitual felony offender pursuant to section 775.084, Florida Statutes (1989). Id. at 1137. However, the court exercised its discretion not to impose a habitual felony offender sentence and instead sentenced the defendant to a guidelines period of ten years' incarceration to be followed by two years' probation. Id. When the defendant violated probation, his probation was revoked and the court imposed a habitual felony offender sentence of thirty years. Id. On direct appeal of the sentence, the district court affirmed. On review, this Court quashed the district court's affirmance, holding that under the habitual offender statute, once the court decides not to sentence a defendant as a habitual offender and sentences him or her under the sentencing guidelines, it may not, upon revocation of probation, resentence that defendant as a habitual offender. Id. at 1139-41.
The State argues that Mack's case is distinguishable from the situation presented in King because here, although Mack qualified as a habitual offender, the sentencing court withheld sentence and Mack *750 was placed on straight probation rather than being sentenced to a guidelines period of incarceration followed by a period of probation as in King. The State contends that because probation is not a sentence, King is inapposite, and section 948.06(1), Florida Statutes (1989), controls. This section states that upon violation of probation, the sentencing judge may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation." Thus, the State argues that because the judge initially could have given Mack a habitual offender sentence, the subsequent habitual offender sentence is permissible.
We disagree. The result in King was based on the language of the habitual offender statute and turned not upon the sentence that the defendant received at the original sentencing but upon the sentence he did not receivea habitual offender sentence. As we explained in King, sentencing under the habitual offender statute is a two-step process:
First, the sentencing judge must determine whether a defendant qualifies as an habitual offender. § 775.084(3), Fla. Stat. (1989). This determination is ministerial rather than discretionary. King v. State, 597 So.2d 309, 313 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992). Second, the judge must decide whether the defendant will be sentenced as an habitual offender. Id.; § 775.084(4)(c), Fla. Stat. (1989). Even where a judge determines that a defendant is an habitual felony offender, the judge can still determine that sentencing under the habitual offender statute is not necessary for the protection of the public. Geohagen v. State, 639 So.2d 611 (Fla.1994). Moreover, the judge need not make a specific finding that an enhanced sentence is not necessary for the protection of the public; the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute. State v. Rinkins, 646 So.2d 727, 729 (Fla.1994); Geohagen, 639 So.2d at 612.
King, 681 So.2d at 1138-39 (footnotes omitted) (emphasis added).
Here, although Mack qualified as a habitual offender, the sentencing court did not impose a habitual offender sentence; rather, it placed Mack on probation. Nothing in the record indicates that Mack was to serve his probation as a habitual offender or that he was on notice that he would be treated as such if his probation was revoked.[5] Thus, while probation is technically not a sentence, under the reasoning in King, it clearly qualifies as "a more lenient sentence than that required by the habitual felon statute." By virtue of placing Mack on probation the sentencing judge made an up-front determination that an enhanced sentence was not necessary for the protection of the public. Once this decision was made and Mack was not given a habitual offender sentence at the original sentencing hearing, the habitualization process was completed, and he could not thereafter be sentenced as a habitual offender upon revocation of his probation.
Following the State's logic would permit the sentencing court, by placing the defendant on straight probation, to postpone the decision on whether to sentence the defendant as a habitual offender until such time as his or her probation is revoked. This is contrary to the habitual offender statute. *751 Under section 775.084, the sentencing court must sentence a habitual offender as provided, unless the court decides that "sentence under this section is not necessary for the protection of the public." § 775.084(4)(a), (c), Fla. Stat. (1989). If the court finds that a habitual offender sentence is not necessary, "sentence shall be imposed without regard to this section." § 775.084(4)(c), Fla. Stat. (1989). Accordingly, once the sentencing court has determined that a defendant meets the habitual offender criteria, it must make the decision whether to sentence him or her as such and must either impose a habitual offender sentence or impose sentence without regard to the habitual offender statute. It may not postpone the decision until after revocation of probation.
Given that Mack's sentences in case numbers 90-657 and 90-661 were improper, we now must determine whether Mack's challenge is cognizable under rule 3.800(a). We find that it is. In two recent cases, we have held that "if a habitual offender sentence is imposed when, as a matter of law, the defendant was not subject to habitualization, the resulting habitual offender sentence can be corrected as illegal provided the error is apparent from the face of the record." Bover v. State, 797 So.2d 1246, 1248-49 (Fla.2001); see also Carter v. State, 786 So.2d 1173 (Fla. 2001). In Carter, the defendant was convicted of a life felony. We held that his habitual offender sentence was illegal and subject to challenge under rule 3.800(a) because at the time he committed his offense, the habitual offender statute did not permit an enhanced penalty for a life felony. 786 So.2d at 1180. Similarly, in Bover, 797 So.2d at 1250-51, we held that the defendant's habitual offender sentence was illegal and subject to challenge under rule 3.800(a) because, on the face of the record, the requisite predicate felonies essential to qualify him for habitualization did not exist.
Likewise here, Mack was not subject to habitualization upon resentencing after the revocation of his probation in case numbers 90-657 and 90-661 because he was not initially sentenced as an habitual offender. This error is apparent from the face of the record. Accordingly, like the sentences in Carter and Bover, Mack's sentence is an illegal sentence subject to challenge and correction under rule 3.800(a).
For the reasons set forth above, we approve in part and quash in part the decision in Mack v. State, 766 So.2d 1254, 1255 (Fla. 5th DCA 2000), and remand for further proceedings consistent with this opinion. We disapprove the decision in Jefferson v. State, 677 So.2d 29 (Fla. 1st DCA 1996).
It is so ordered.
ANSTEAD, C.J., and SHAW, PARIENTE, and LEWIS, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which HARDING, J., concurs.
QUINCE, J., concurs in part and dissents in part.
WELLS, J., concurring in part and dissenting in part.
I concur as to the affirmance of the Fifth District Court of Appeal's decision in this case.
I dissent from the Court's decision to consider the habitualization issues in circuit court case numbers 90-657 and 90-661. First, these issues were not discussed in the district court's opinion in this case. Second, I do not agree with the majority's extension of the rationale of King v. State, 681 So.2d 1136 (Fla.1996), so as to benefit petitioner. Third, I do not agree with the using of this case as a *752 vehicle to extend the King rationale to limit the trial court's discretion to effect a habitualization sentence upon a defendant found by the trial court to be qualified for habitualization but who had been given the opportunity for probation. This decision will predictably have the reverse effect to that which the majority apparently intends, which is to benefit defendants, and result in trial judges not believing they should give future defendants the opportunity for probation. I believe the majority's decision in this regard is a shortsighted, unreasonable restraint on trial judges and clearly not what the Legislature intended in respect to the sentencing of habitual offenders.
HARDING, J., concurs.
NOTES
[1] Under a true split sentence, the defendant is sentenced to a period of incarceration, all or a portion of which is suspended and, in lieu of the suspended portion, the defendant is placed on probation. See Poore v. State, 531 So.2d 161, 164 (Fla.1988).
[2] The propriety of the extension of Mack's probation was not raised before the district court below, and this issue is not before us.
[3] In Poore v. State, 531 So.2d 161, 164 (Fla. 1988), we explained that when a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double jeopardy clause. Id.
[4] The State now argues for the first time on review in this Court that Mack's sentence was not unconstitutionally enhanced in violation of the double jeopardy clause because when the probationary portion of Mack's sentence was extended in 1996, his original true split sentence "faded away" and was replaced by the new probationary period; thus, the State argues, the subsequent five-year sentence was permissible under section 948.06(1), Florida Statutes (1989), which provided that upon violation of probation, the sentencing judge may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation." In light of the fact that this argument was not raised below, it is improperly raised for the first time here, and we do not address it. See Trushin v. State, 425 So.2d 1126, 1130 (Fla. 1982) (declining to address issue raised for first time in petition for review).
[5] This case does not involve a situation where the defendant, as a result of a negotiated plea, was placed on probation as a habitual offender and had notice that he would be treated as such if probation was revoked. See, e.g., Terry v. State, 808 So.2d 1249 (Fla.2002); Dunham v. State, 686 So.2d 1356 (Fla.1997); Walker v. State, 682 So.2d 555 (Fla.1996).