SALCINES, Judge.
Cynthia Cook appeals the summary denial of her motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
On February 16, 1999, Cook entered a nolo contendere plea on several drug-related charges in case numbers 98-0457 and 98-2666. The trial court withheld adjudication on all counts and sentenced Cook to time served in the county jail on two counts in case number 98-0457. On the remaining counts in ease number 98-0457 and all counts in case number 98-2666, the trial court placed Cook on concurrent terms of five years’ probation. After Cook violated her probation twice in both cases, the trial court adjudicated her guilty in both cases on June 15, 2000. The trial court sentenced Cook on each count to forty-seven months in prison, suspended, and placed her on two years’ community control followed by one year of probation to run concurrent in each case. Cook violated her community control, and the trial court sentenced her to concurrent terms of sixty months in prison on each count in both cases.
In her motion, Cook alleged that her sentences of sixty months in prison are illegal because on June 15, 2000, the trial court imposed true split sentences. She argued that upon violation of the community control portion of her sentences, the trial court could have only imposed the *772 balance of the suspended portion of the true split sentences. We agree. See Poore v. State, 531 So.2d 161 (Fla.1988). Such a claim is cognizable under rule 3.800(a). See Mack v. State, 823 So.2d 746 (Fla.2002). The record indicates that on June 15, 2000, the trial court imposed true split sentences with the suspended portion in each sentence being forty-seven months in prison. Therefore, upon violation of the community control portion of the true split sentences, the trial court was limited to only imposing the balance of the suspended portion. See Poore, 531 So.2d at 164-65. Accordingly, we reverse and remand for the trial court to resentence Cook to forty-seven months in prison on counts one and two in case number 98-0457 and on all counts in case number 98-2666.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.