967 So.2d 999 (2007)
Willie BOONE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 5D06-4213, 5D07-1169.
District Court of Appeal of Florida, Fifth District.
October 26, 2007.
*1000 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Willie James Boone appeals from an order revoking his probation and sentencing him to thirty years in prison. He challenges both the basis for the revocation and the sentence imposed. We find no merit in Boone's challenge to the finding that he violated his probation by committing new crimes. However, we agree with Boone that the trial judge imposed a sentence longer than allowed by law. Therefore, we reverse the sentence and remand for resentencing.
Boone was originally charged with attempted first degree murder. In 2000, he entered a plea bargain with the State pursuant to which he pled to a single count of aggravated battery, as a habitual violent felony offender, ("HVFO"), in exchange for a prison sentence of ten years, with four and a half years suspended. The State also waived Boone's prison releasee reoffender status, a firearm minimum mandatory, and the minimum mandatory sentence set forth in the HVFO statute. The imposed sentence was a "true split sentence," providing that after Boone served five and a half years the balance of his ten-year sentence would be suspended and Boone would be placed on probation for the remaining four and a half years.
Boone was released to probation after five and a half years, and violated his probation by breaking into a home and sexually battering the occupant. At Boone's violation of probation proceeding in this case, the State relied solely on certified copies of judgments of conviction on charges of burglary of a dwelling (with an assault) and sexual battery, which bear the seal of the clerk of court from Jefferson County, Florida.[1] Contrary to Boone's argument, the certified judgments provide a sufficient evidentiary basis to support the trial courts' finding that Boone committed these subsequent crimes while on probation.[2]E.g., Stevens v. State, 397 So.2d 398 (Fla. 5th DCA 1981), approved 409 So.2d 1051 (Fla.1982); see also, Tompkins v. State, 502 So.2d 415, 420 (Fla.1986) (recognizing certified copies of judgment and sentence are sufficient to support a jury finding, at penalty phase of capital case, of aggravating circumstance that defendant committed prior felony involving use of threat or violence). The trial judge then revoked Boone's probation and sentenced him to thirty years in prison as a habitual violent felony offender.
Because Boone was initially given a "true split sentence," he could not be sentenced upon revocation of his probation to a period that exceeded the original ten-year *1001 sentence, with credit for time served. Mack v. State, 823 So.2d 746 (Fla.2002). As explained in Mack:
[W]hen a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double jeopardy clause.
Id. at 748 n. 3 (citing Poore v. State, 531 So.2d 161, 164 (Fla.1988)).
Therefore, we affirm the revocation of Boone's probation, reverse the sentence, and remand for resentencing consistent with this opinion. Because Boone was originally designated as a habitual violent felony offender, this designation is also appropriate upon resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PALMER, C.J., and PLEUS, J., concur.
NOTES
[1] Boone is serving concurrent sentences of life and thirty years on the Jefferson County charges.
[2] On appeal, Boone also argues that the trial court's reliance on the certified judgments violated his rights under the confrontation clause of the Sixth Amendment, citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Because trial counsel did not make this objection below, however, we find that the issue was not preserved for appellate review. E.g., Castor v. State, 365 So.2d 701, 703 (Fla.1978).