987 So.2d 771 (2008)
Warren FERRELL, Petitioner,
v.
Al LAMBERTI, Sheriff of Broward County, Florida, Respondent.
No. 4D08-2964.
District Court of Appeal of Florida, Fourth District.
July 25, 2008.
Joshua D. Rydell of Law Offices of Joshua D. Rydell, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Warren Ferrell (Defendant) filed an emergency petition for writ of habeas corpus, seeking release from incarceration pending violation of probation proceedings, claiming he was illegally placed on probation. We grant the petition, to the extent discussed below.
*772 In February 2004, Defendant entered a plea, received a suspended sentence of three years, and was placed on community control followed by probation as a youthful offender. After violating, in March 2004 he was adjudicated and was sentenced to three years in prison followed by two years of probation. Following his release from prison and placement on probation, he was arrested on new charges on May 14, 2008. His bond was set as a no bond hold, presumably because of the pending violation of probation charges, as there is no constitutional right to bail pending revocation of probation proceedings. See Genung v. Nuckolls, 292 So.2d 587 (Fla.1974); Peraza v. Bradshaw, 966 So.2d 504, 505 (Fla. 4th DCA 2007).
Defendant filed a rule 3.800(a) motion to correct illegal sentence with the trial court, claiming the imposition of probation after the three-year prison sentence was illegal. The motion is set to be heard on August 8, 2008. Meanwhile, his motion for release on his own recognizance or the setting of bond was denied.
The state agrees that the imposition of probation in Defendant's March 2004 sentence was improper. His initial sentence was a "true split sentence." Poore v. State, 531 So.2d 161, 164 (Fla. 1988); Wardlaw v. State, 832 So.2d 258, 259 (Fla. 2d DCA 2002). When a defendant violates probation after being sentenced to a true split sentence, the judge may not order new incarceration exceeding the remaining balance of the withheld or suspended portion of the original sentence. Id.; Snell v. State, 902 So.2d 957 (Fla. 4th DCA 2005).[1]
We grant the petition to the extent that we direct the trial court to correct Defendant's March 2004 sentence forthwith, and then reconsider his entitlement to pretrial release on his pending charges.
Granted in part with instructions.
STEVENSON, GROSS and DAMOORGIAN, JJ., concur.
NOTES
[1] A sentence imposed in excess of the suspended sentence may be challenged in a rule 3.800(a) motion. E.g., Cook v. State, 880 So.2d 771 (Fla. 2d DCA 2004).