SILBERMAN, Judge.
 

 In these consolidated appeals, Raymond A. Bracero challenges his sentences imposed upon revocation of probation in three circuit court cases regarding three separate charges of trafficking in cocaine. Bracero argues that the trial court erred in sentencing him to a period of incarceration greater than the suspended portion of his original true split sentences. We agree and reverse Bracero’s sentences and remand for resentencing.
 

 Bracero committed the trafficking offenses in 2002, and the trial court originally imposed concurrent sentences of 108 months in prison, suspended, with 108 months of probation. Upon revocation of probation, the trial court imposed concurrent sentences of 126 months in prison.
 

 Bracero then filed a motion to correct sentencing error in the trial court and contended that his sentences were illegal because the trial court imposed a period of incarceration greater than the suspended portion of the original true split sentences. In denying the motion, the trial court stated that the cases Bracero relied upon, such as Poore
 
 v. State,
 
 531 So.2d 161 (Fla.1988),
 
 superseded by statute on other grounds as recognized in Crews v. State,
 
 779 So.2d 492, 493-94 (Fla. 2d DCA 2000), were inapplicable because they dealt with “Sentencing Guidelines” cases and not cases governed by the “Criminal Punishment Code.” The court observed that Bracero’s offenses were committed in 2002 and were governed by the Criminal Punishment Code.
 
 See
 
 § 921.002, Fla. Stat. (2002) (stating effective date of October 1, 1998, for the Criminal Punishment Code). The court stated that section 921.002(l)(g) allows “the Court to impose a sentence up to and including the statutory maximum for any offense before the Court due to a violation of probation” and denied Bracero’s motion. The trial court did not address double jeopardy concerns in denying the motion and did not cite any cases to support its conclusion.
 

 On appeal, the State all but concedes that the trial court erred in sentencing Bracero to a period of incarceration that exceeds the suspended portion of the true split sentence. The State draws our attention to
 
 Mack v. State,
 
 823 So.2d 746, 748 n. 3 (Fla.2002), which Bracero had cited to the trial court. In
 
 Mack,
 
 the supreme court stated as follows:
 

 In
 
 Poore v. State,
 
 531 So.2d 161, 164 (Fla.1988), we explained that when a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double jeopardy clause.
 

 Id.
 
 The State cites to no cases that suggest that this double jeopardy issue does not apply to cases under the Criminal Punishment Code.
 

 In a case in which the defendant was originally sentenced in July 2000, this court reiterated its statement in
 
 Crews
 
 that “[i]f a trial court intends to impose the
 
 *1060
 
 maximum period of imprisonment for a violation of the probationary portion of a true split sentence, it should impose the full original sentence of incarceration with credit for time served.”
 
 Pressly v. Tadlock,
 
 968 So.2d 1057, 1058 (Fla. 2d DCA 2007) (quoting
 
 Crews,
 
 779 So.2d at 493). Cases from other districts also reflect that the double jeopardy concerns explained in
 
 Poore
 
 remain an issue in sentencing.
 

 In
 
 Ferrell v. Lamberti,
 
 987 So.2d 771 (Fla. 4th DCA 2008), the defendant entered his plea and was originally sentenced in 2004. The Fourth District stated, “When a defendant violates probation after being sentenced to a true split sentence, the judge may not order new incarceration exceeding the remaining balance of the withheld or suspended portion of the original sentence.”
 
 Id.
 
 at 772.
 

 In
 
 Boone v. State,
 
 967 So.2d 999 (Fla. 5th DCA 2007), the defendant entered into a plea bargain and was originally sentenced in 2000. The Fifth District stated, “Because Boone was initially given a ‘true split sentence,’ he could not be sentenced upon revocation of his probation to a period that exceeded the original ten-year sentence, with credit for time served.”
 
 Id.
 
 at 1000-01.
 

 Here, the trial court erred in sentencing Bracero upon revocation of probation to sentences of 126 months when the oi’iginal split sentences imposed only 108 months. Therefore, we reverse his sentences and remand for resentencing that does not exceed “the full original sentence of incarceration with credit for time served.”
 
 Pressly,
 
 968 So.2d at 1058 (quoting
 
 Crews,
 
 779 So.2d at 493).
 

 Sentences reversed and remanded.
 

 DAVIS and WALLACE, JJ., Concur.