PER CURIAM.
 

 The appellant, Elijah Clark, raises two issues on appeal.
 

 We find that the evidence presented at the final violation of probation hearing established that Clark willfully and substantially violated the terms and conditions of his probation by committing the new crime of aggravated battery. We, therefore, affirm.
 

 As to Clark’s second point on appeal, we reverse and remand. Once a court decides not to sentence a defendant as a habitual offender and, instead, sentences him or her under the sentencing guidelines, it may not, upon revocation of probation, resen-tence that defendant as a habitual offender. The habitualization process was completed at the original sentencing hearing.
 
 See Mack v. State,
 
 823 So.2d 746 (Fla.2002). Additionally, we determine that Clark’s challenge is cognizable under Florida Rule of Criminal Procedure 3.800(b)(2).
 
 See Jackson v. State,
 
 983 So.2d 562 (Fla.2008).
 

 We remand for further proceedings consistent with this opinion.
 

 FARMER, HAZOURI and CIKLIN, JJ., concur.