JACOBUS, J.
 

 N’Jai Obantu appeals the judgments and sentences entered after he pleaded no contest to violating his probation in two separate cases. He contends the trial court erred by sentencing him to a greater term of incarceration than the suspended portion of his original, true split sentences. The State properly concedes error, and we reverse.
 

 In August 2007, Obantu entered guilty pleas in two cases in which he was charged with uttering a forged instrument and grand theft, both third-degree felonies. In both cases, Obantu was originally sentenced to 42 months’ imprisonment, concurrent on each count and with each case. The sentences specified that after he served 18 months in prison, the 24-month remaining balance would be suspended and Obantu would be placed on probation for 18 months. Obantu served the incar-cerative portion of his sentences and was released.
 

 Violation of probation affidavits were filed in both cases in July 2008. It was alleged that Obantu had violated his probation by failing to remain at liberty without violating the law, as required by Condition 5. Specifically, Obantu had been rearrested after a surveillance video captured him committing a burglary of a conveyance. In December 2008, Obantu entered an open plea of no contest to the violation of probation charges in both cases. At the sentencing hearing held in March 2009, the trial court sentenced Obantu to five years’ imprisonment on each count in both VOP cases, with all counts and both cases to run concurrently.
 

 Obantu’s argument on appeal is that his sentences exceed the suspended portion of his original, true split sentences. As we mentioned previously, the State properly concedes error. The supreme court has explained that
 

 [a] true split sentence is a prison term of a number of years with part of that prison term suspended, contingent upon completion on probation of the suspended term of years. When a defendant violates a true split sentence, the most severe sentence the trial court may impose on resentencing is to “unsuspend” the previously suspended prison term. That is, that the defendant is reincarcer-ated and must actually serve the previously suspended term of years in prison....
 

 Gibson v. Fla. Dep’t of Corr.,
 
 885 So.2d 376, 381 (Fla.2004) (quoting
 
 Eldridge v. Moore,
 
 760 So.2d 888, 889 n. 1 (Fla.2000)). Obantu’s original sentences were true split sentences. Therefore, the trial court erred by sentencing him in the two VOP eases to a term exceeding the remaining balance of the suspended portion of his sentences.
 
 See Boone v. State,
 
 967 So.2d 999, 1001 (Fla. 5th DCA 2007) (“ ‘[W]hen a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double
 
 *109
 
 jeopardy clause.’ ” (quoting
 
 Mack v. State,
 
 823 So.2d 746, 748 n. 3 (Fla.2002))).
 

 Accordingly, the sentences in Case Numbers 2006-CF-003201 and 2007-CF-000669, in the Circuit Court in and for Lake County, Florida, are reversed and remanded for resentencing “that does not exceed ‘the full original sentence of incarceration with credit for time served.’ ”
 
 Bracero v. State,
 
 14 So.3d 1058, 1060 (Fla. 2d DCA 2009) (quoting
 
 Pressly v. Tadlock,
 
 968 So.2d 1057, 1058 (Fla. 2d DCA 2007)). The convictions in those two cases are affirmed.
 

 AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
 

 MONACO, C.J. and TORPY, J., concur.