SHEPHERD, J.
The defendant, Norman Burton, also known as Jacob Taylor, appeals a summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. Because the trial court erred in concluding the defen *276 dant’s claim was not cognizable under Florida Rule of Civil Procedure 3.800(a), we reverse and remand for further proceedings.
On December 17, 2001, in case number 00-34176, the defendant pled guilty to burglary of an unoccupied dwelling (count one) and third-degree grand theft (count two). The trial court sentenced the defendant to seven years of incarceration, but suspended the incarcerative term for one year of community control, followed by three years of probation. The defendant violated his probation. On April 27, 2006, the trial court revoked probation and imposed a thirty-year sentence, but again suspended the incarcerative term for three years of probation. The defendant again violated probation. On May 1, 2007, the trial court revoked probation and sentenced the defendant to twelve years of imprisonment on count one and ten years of imprisonment on count two, to run concurrent.
On January 20, 2011, the defendant filed a motion to correct illegal sentence, alleging his sentences were illegal because, citing to Poore v. State, 531 So.2d 161 (Fla.1988), under a true split sentence, the trial court could not impose a sentence greater than the original sentence suspended — in this case, the seven years originally imposed on December 17, 2001. On February 11, 2011, instead of ruling on the defendant’s motion on the merits, the trial court denied the motion on the ground that “his claim does not fall within the purview of [Rule] 3.800(a) and therefore he is not entitled to the relief he is seeking.” The court was mistaken.
A motion alleging a sentence exceeds the legal maximum is cognizable under Florida Rule of Criminal Procedure 3.800(a). See Carter v. State, 786 So.2d 1173, 1181 (Fla.2001) (quoting Blaldey v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)) (“To be illegal within the meaning of [R]ule 3.800(a), the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.”). In this case, the defendant’s motion alleging his sentence exceeds the legal maximum because of his true split sentence is cognizable under Rule 3.800(a). See Cook v. State, 880 So.2d 771, 772 (Fla. 2d DCA 2004). Thus, the trial court should have considered the defendant’s motion on the merits, and we reverse and remand for the trial court to do so. Our decision should not be construed as an expression of this court on the merits of the motion.
We note the trial court may have been confused or inadvertently misled by the fact that after the defendant was sentenced in this case, the defendant pled guilty in another case, case number 07-13482, with the understanding he would receive a sentence of ten years concurrent with his sentence in 00-34176, thereby ensuring his sentence in 07-13482 would not extend beyond the expiration of his sentence in 00-34176. In addition to filing his motion to correct illegal sentence, the defendant filed a motion to modify his sentence in case number 07-13482 on January 31, 2011, arguing his sentence should be reduced to seven years to comport with the intent of the parties and the trial court that his sentence in 07-13482 would not exceed his sentence in 00-34176. It appears the State Attorney’s Office addressed this claim before the trial court in its response to the defendant’s motion to correct illegal sentence; hence, the trial court’s order finding the motion was not cognizable under Rule 3.800(a). The trial court, in a separate order, titled “Order Denying Defendant’s Pro Se Motion for Documents filed 1/31/2011,” denied the de *277 fendant’s motion to modify on February 23, 2011.
By his Notice of Appeal, the defendant here expressly appeals the trial court’s order denying his motion to correct illegal sentence, pursuant to Rule 3.800(a), rendered on February 11, 2011. Although the defendant’s initial brief addresses the issues raised in his motion to modify — which suggests why the Attorney General’s Office’s response also addresses the issues in the motion to modify — the defendant did not appeal this order. We, therefore, are without jurisdiction to address any issue decided by the trial court’s denial of the defendant’s motion to modify his sentence.
Reversed and remanded with directions.