IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ANDERSON PAUL HARRIS,

      Appellant,

 v.                                       Case No. 5D16-1310

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 21, 2017

Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

James S. Purdy, Public
Defender, and Robert E.
Wildridge, Assistant Public
Defender, Daytona Beach, for
Appellant.

Anderson Paul Harris, Cocoa, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

      Anderson Paul Harris appeals from an order revoking his probation and the resulting judgment and sentence imposed following a bench trial. We affirm the revocation of probation without further comment. However, we reverse the sentence

because the trial court erred by sentencing Harris to a greater term of incarceration than the suspended portion of his original true split sentence.

In October 2008, Harris pleaded guilty to burglary of a dwelling and was sentenced to serve 132.3 months in prison, with the last 48 months of his sentence suspended on the condition that Harris successfully complete 48 months of probation. Harris served the incarcerative portion of this original sentence and was released, but he was later alleged to have violated his probation. Harris denied the allegations, but following a non-jury trial, the court found that Harris had willfully and materially violated his probation. The court thereafter revoked Harris's probation and sentenced him to serve 180 months in prison.

Harris argues on appeal that because his original sentence in 2008 was a "true split sentence," the trial court was precluded from later sentencing him to more than the remaining balance of the suspended portion of the original sentence. We agree with Harris that his original sentence was a "true split sentence," which the Florida Supreme Court has explained "is a prison term of a number of years with part of that prison term suspended, contingent upon completion on probation of the suspended term of years." *Gibson v. Fla. Dep't of Corr.*, 885 So. 2d 376, 381 (Fla. 2004) (quoting *Eldridge v. Moore*, 760 So. 2d 888, 889 n.1 (Fla. 2000)).

Harris is also correct that once the trial court decided to revoke his probation, it was limited to sentencing Harris only up to the full original sentence of incarceration (132.3 months). *See Boone v. State*, 967 So. 2d 999, 1001 (Fla. 5th DCA 2007) ("[W]hen a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant

incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double jeopardy clause." (alteration in original) (quoting *Mack v. State*, 823 So. 2d 746, 748 n.3 (Fla. 2002))).

Accordingly, we affirm the order revoking probation, reverse the sentence, and remand for resentencing for a term that does not exceed the original 132.3 months' imprisonment, with credit for prison and jail time previously served. *See Bracero v. State,* 14 So. 3d 1058, 1059-60 (Fla. 2d DCA 2009) (citing *Pressly v. Tadlock*, 968 So. 2d 1057, 1058 (Fla. 2d DCA 2007)). If Harris qualifies, counsel shall be appointed to represent Harris at the resentencing.

AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.

SAWAYA and ORFINGER, JJ., concur.