IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALEX PETERSON,

      Appellant,

 v.

                                    Case No.  5D16-4341

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Brevard County,
Jeffrey Mahl, Judge.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

The sole contention raised by Appellant in this appeal is that the present prison sentences imposed upon him by the trial court after Appellant violated probation in his three cases below are unlawful.  Appellant argues that when he was initially sentenced, he received "true" split sentences, thus limiting the trial court's sentencing discretion upon

Appellant's later probation violation. Having reviewed the transcripts from the original sentencing hearings, we conclude that Appellant did not initially receive "true" split sentences, and therefore, we affirm his present sentences.

"A 'true' split sentence consists of a total period of confinement with [all or] part of that confinement suspended. Generally, the defendant is placed on probation for the suspended portion of the confinement." *Moore v. Stephens*, 804 So. 2d 575, 577 (Fla. 5th DCA 2002) (citing *Poore v. State*, 531 So. 2d 161, 164 (Fla. 1988)).

> "[W]hen a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double jeopardy clause."

*Harris v. State*, 218 So. 3d 457, 458 (Fla. 5th DCA 2017) (quoting *Boone v. State*, 967 So. 2d 999, 1001 (Fla. 5th DCA 2007)).

The State disagrees that when first sentenced Appellant received a "true" split sentence. Rather, the State argues that Appellant initially received a "probationary" split sentence, which involves a period of incarceration followed by a period of probation. *See Moore*, 804 So. 2d at 577. A defendant violating the probation of a "probationary" split sentence is thereafter subject to being sentenced by the trial court to the maximum allowable period of incarceration for the crime committed. *Howells v. State*, 16 So. 3d 852, 853 (Fla. 5th DCA 2009) (citing *Poore*, 531 So. 2d at 164).

The written sentencing documents in this case are unclear as to whether Appellant first received a "true" split sentence or a "probationary" split sentence. However, our review of the transcripts filed of record from these sentencing hearings clearly show that

Appellant did not receive "true" split sentences when first sentenced because the trial court explicitly provided that Appellant would serve a period of incarceration followed by a term of probation and did not suspend any portion of Appellant's incarceration. Under these circumstances, "[w]here a conflict exists between the oral pronouncement of sentence and [the] written sentencing documents, the oral pronouncement controls." *Chrystie v. State*, 95 So. 3d 1027, 1028 (Fla. 5th DCA 2012) (citing *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007)). Because the trial court's oral pronouncements of sentences conclusively show that Appellant received "probationary" split sentences, his present prison sentences imposed after violating probation, which are all within the allowable statutory maximums, are lawful.

AFFIRMED.

SAWAYA, EVANDER and LAMBERT, JJ., concur.

3