FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2147
_____

EARNEST HILL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Jason L. Jones, Judge.

February 26, 2025

B.L. THOMAS, J.

Appellant seeks review of his enhanced sentence as a prison releasee reoffender (PRR), arguing that the State could not seek a PRR sentence upon revocation of probation after it declined to seek a PRR sentence at the original sentencing. We agree.

In 2017, Appellant entered a negotiated plea of no contest to charges of burglary with person assaulted, felony battery, aggravated assault with a deadly weapon, and battery on a law enforcement officer. The State had filed a notice of intent to seek a PRR "enhanced penalty" but did not pursue the enhancement during the original sentencing hearing and instead agreed to a sentence of six years in prison to be followed by seven years of mental health probation. The trial court sentenced him under

section 921.00265, Florida Statutes—his sentencing range being a lowest permissible sentence of 44.4 months and maximum sentence of life in prison.

Appellant completed the incarceration portion of his sentence, but in 2021, an affidavit of violation of probation was filed, and the circuit court ultimately found Appellant in violation and revoked his probation. At the sentencing hearing upon revocation of probation, the prosecutor argued that Appellant "went back on his part of the [plea] agreement" and thus, the State could now seek the PRR enhancement. The State relied primarily on *Foulks v. State*, 306 So. 3d 1178, 1185 (Fla. 3d DCA 2020), in which the Third District held that there is "no basis in Florida law for a permanent PRR waiver" and that even if there was, Foulks could not argue that the State was bound by the terms of the plea agreement when he had violated it by violating the terms of his probation. Appellant's trial counsel argued that the State had permanently waived the PRR enhancement and also that because the *Foulks* opinion was issued after Appellant entered into the negotiated plea agreement, neither Appellant nor the State had knowledge at the time that Appellant could receive a PRR sentence if he violated probation. The circuit court found that it had no discretion and was required to sentence Appellant to life in prison as a PRR for count 1, burglary of a dwelling with person assaulted.

Appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), arguing, among other things, that the State had permanently waived its ability to seek the PRR enhancement and that *Foulks* was wrongly decided because the holding violated the constitutional protections against double jeopardy. The circuit court denied this motion.

On appeal, Appellant relies on *Mack v. State*, 823 So. 2d 746 (Fla. 2002). At Mack's original sentencing hearing, the sentencing court declined to sentence him as a habitual felony offender (HFO), even though he qualified for that enhancement. *Id.* at 750. Instead, the sentencing court placed him on probation. *Id.* Mack later violated probation and was sentenced to an HFO sentence. *Id.* The supreme court reversed, explaining that

> [b]y virtue of placing Mack on probation the sentencing judge made an up-front determination that an enhanced sentence was not necessary for the protection of the public. Once this decision was made and Mack was not given a habitual offender sentence at the original sentencing hearing, the habitualization process was completed, and he could not thereafter be sentenced as a habitual offender upon revocation of his probation.

*Id.* Thus, under *Mack*, the enhancement decision was completed at the original sentencing, and the trial court could not revisit that decision upon revocation of probation. *See also King v. State*, 681 So. 2d 1136, 1140 (Fla. 1996) (holding that a defendant cannot be subject to "hybrid split sentences," in which a defendant originally received "a guidelines sentence" under one statute rather than an HFO sentence under another, so after revocation the defendant could "be sentenced as an habitual offender" under the HFO statute).

We agree that *Mack* is applicable to the instant case. The decision on whether to enhance Appellant's sentence was made at the original sentencing hearing. The State did not make any explicit statement at the original sentencing hearing about maintaining the ability to seek a PRR sentence upon revocation, nor was this mentioned in the written plea agreement. Thus, the availability of a PRR sentence under section 775.082(9), Florida Statutes, expired once the trial court proceeded to sentence him under the general sentencing statute providing for scoresheet calculations and lowest-permissible sentences.

Because the sentencing court incorrectly determined that it had no discretion but to sentence Appellant to life in prison as a PRR, we vacate Appellant's sentence and remand for further proceedings consistent with this opinion. We note that because Appellant's count 1 charge is a felony "punishable by imprisonment for a term of years not exceeding life imprisonment" under section 810.02(2)(a), Florida Statutes, the trial court has discretion to sentence Appellant to life in prison but is not required to do so.

VACATED and REMANDED.

3

OSTERHAUS, C.J., concurs; TANENBAUM, J., concurs with opinion.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

TANENBAUM, J., concurring.

Though I join the majority decision in full, there is another problem with the approach taken by the trial court. Sentencing a defendant as a prison releasee reoffender ("PRR") under section 775.082(9), Florida Statutes, with its mandatory sentence at the statutory maximum set for an offense, is undoubtedly an increased penalty. It is the ultimate mandatory minimum sentence—the minimum being the maximum—and as the Supreme Court held, "[m]andatory minimum sentences increase the penalty for a crime." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). In fact, the State's original notice acknowledged that it planned to seek an "enhanced penalty" in the form of a PRR sentence. Of course, at the original sentencing, it ultimately did not pursue this increased punishment and agreed to a sentence under the "guidelines"—one falling within the generally established range between the lowest permissible sentence and the statutory maximum.

It is true that the trial court may "impose any sentence which it might have originally imposed before placing the probationer on probation." § 948.06(2)(b), Fla. Stat. But because the State did not prove "by a preponderance of the evidence that [Hill was] a prison releasee reoffender as defined [by statute]" at the original sentencing, he obviously then *was* "eligible for sentencing under the sentencing guidelines." *See* § 775.082(9)(a)3., Fla. Stat. That means the enhanced PRR was not available as it could *not* have been imposed originally. The State cannot change this by then trying to prove PRR after the fact, after the original sentence was

4

imposed and served—and have it apply *nunc pro tunc* to qualify Hill for the enhanced sentence.[*]

---

Jessica J. Yeary, Public Defender, Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, Amanda A. Uwaibi, Assistant Attorney General, Tallahassee, for Appellee.

---

[*] Hill does not argue this on appeal, but imposition of a PRR sentence, originally or after revocation—without a jury determination of the qualifying facts beyond a reasonable doubt—might also now be constitutionally dubious. *Cf. Erlinger v. United States*, 602 U.S. 821, 834–35 (2024) (requiring a jury determination of sentencing enhancement facts that go beyond just whether the prior offenses were committed).